**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0557n.06

No. 13-4227

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Jul 25, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| ROBIN DUNCAN, JUSTIN ROCKEY, | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | On Appeal from the United States |
| v. | ) | District Court for the Southern |
| | ) | District of Ohio |
| U.S. BANK, NA; SELECT PORTFOLIO | ) | |
| SERVICING, INC., | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

_____/

Before:  GUY, KETHLEDGE, and STRANCH, Circuit Judges.

**RALPH B. GUY, JR., Circuit Judge.**  Plaintiffs Robin Duncan and Justin Rockey appeal from the district court's dismissal of their claims against defendants U.S. Bank National Association and Select Portfolio Servicing, Inc., for failure to state a claim and lack of jurisdiction.  For the reasons that follow, we affirm.

**I.**

Plaintiffs' complaint asserted claims arising out of a residential mortgage loan, a loan modification, and subsequent foreclosure of the mortgage on the property known as 8453 Olenbrook Drive, Lewis Center, Ohio.  Duncan executed a note and mortgage on the property in 2005, which were transferred and assigned to U.S. Bank National Association.  Plaintiffs alleged that they obtained a loan modification and made payments pursuant to that

agreement, but that Select Portfolio Servicing (SPS) instructed them to stop paying pursuant to the loan modification because the "paperwork is still in transition." Plaintiffs stopped paying in August 2010, U.S. Bank and SPS instituted foreclosure proceedings in October 2010, and the state court entered a default judgment in January 2011.

Plaintiffs alleged that from the initiation of the foreclosure proceedings and even after the property sold at a sheriff's sale, SPS made demands for money and stated that the foreclosure would be dismissed if they paid certain amounts. In particular, after the judgment but before the sale, SPS sent two written offers: a March 4, 2011 offer to "reinstate" the mortgage loan upon a down payment of $4,230.78; and a May 4, 2011 offer to "halt" the foreclosure action for a payment of $25,284.80. Duncan and Rockey did not accept either proposal, however. They did file a motion for relief from judgment under Ohio R. Civ. P. 60, which the state court denied in a written order dated June 1, 2011. The state court rejected their assertion that the complaint had not been properly served, finding that Duncan and Rockey were each served by a process server on October 20, 2010, and concluded that no showing had been made that meritorious defenses existed. An appeal was taken from the final judgment, but that appeal was voluntarily dismissed shortly after this action was commenced.

Plaintiffs' federal complaint alleged claims for injunctive relief (count I), breach of contract (count II), promissory estoppel (count III), violation of the Ohio Consumer Sales Protection Act (OCSPA) (Ohio Rev. Code § 1345.02) (count IV), common law fraud (count V), breach of the covenant of good faith and fair dealing (count VI), bad faith (count VII), unjust enrichment (count VIII), and violation of the Fair Debt Collection Practices Act (15 U.S.C. §§ 1692e and 1692f) (count IX). Defendants filed a motion to dismiss those claims pursuant to

Fed. R. Civ. P. 12(b)(1) and 12(b)(6), which the district court granted in a written decision entered September 25, 2013.

Specifically, the district court dismissed the claim for injunctive relief for lack of jurisdiction under the *Rooker-Feldman* doctrine. Next, the district court found that claim preclusion under Ohio law barred the remaining claims "to the extent they concern events culminating in defendants' filing of the foreclosure action." To the extent that claims were based on the alleged conduct after the foreclosure action was filed, the district court found plaintiffs had failed to state a claim for fraud or promissory estoppel because plaintiffs alleged that they rejected defendants' offers to reinstate the mortgage or halt the foreclosure proceedings for payment of certain sums of money. Plaintiffs do not appeal that determination. Nor have plaintiffs argued that the district court erred in finding that SPS was not a "debt collector" for purposes of the FDCPA. Judgment was entered accordingly, and this appeal followed.

## II.

A motion to dismiss under Rule 12(b)(1) is reviewed de novo if no fact-finding is required. *See DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). The district court's grant of a motion to dismiss for failure to state a claim is also reviewed de novo. *See Top Flight Entm't, Ltd. v. Schuette*, 729 F.3d 623, 630 (6th Cir. 2013). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In evaluating a motion to dismiss, we review the complaint and any documents attached to the complaint or the motion to dismiss if they are referred to in the complaint and are central to the plaintiffs' claims. *See Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335-36 (2007); *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

Asserting error in the application of the *Rooker-Feldman* doctrine, plaintiffs appear to misread the district court's decision as having dismissed all of their claims for lack of subject matter jurisdiction. Under the *Rooker-Feldman* doctrine, "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006). This doctrine is limited to federal cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (discussing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *Dist. of Columbia Ct. of App. v. Feldman*, 460 U.S. 462, 476-82 (1983)).

Plaintiffs argue that they have alleged independent claims that escape *Rooker-Feldman* because the state-court judgment was not the "source of the injury." *McCormick v. Braverman*, 451 F.3d 382, 394 (6th Cir. 2006). The district court did not find otherwise except as to Count I, which sought a temporary and permanent injunction to prevent plaintiffs' eviction from their home pursuant to the state-court judgment. This claim, asserted separately from the other claims, specifically identified the state-court judgment as the source of the injury and invited the district court to review and reject the judgment. The district court did not err in finding that Count I did not assert an independent claim for which the source of the injury was other than the state-court judgment.

Next, plaintiffs assert that the district court erred in applying res judicata—specifically claim preclusion—to bar claims for breach of contract, promissory estoppel, and fraud arising from alleged misconduct that culminated in the filing of the foreclosure action (*i.e.*, pre-foreclosure conduct). Federal courts are required to give the same effect to a state-court

judgment that would be given by a court of the state from which the judgment emerged. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). Under Ohio law, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 653 N.E.2d 226, 229 (Ohio 1995); *see also Portage Cnty. Bd. of Comm'rs v. Akron*, 846 N.E.2d 478, 495 (Ohio 2006).

Claim preclusion under Ohio law has four elements: "'(1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action.'" *Portage Cnty.*, 846 N.E.2d at 495 (quoting *Hapgood v. Warren*, 127 F.3d 490, 493 (6th Cir. 1997)). Plaintiffs do not dispute that Ohio law recognizes that a default judgment is a valid and final judgment on the merits. *See Frazier v. Matrix Acquisitions, LLC*, 873 F. Supp.2d 897, 901 (N.D. Ohio 2012); *Harris-Gordon v. MERS*, No. 3:09cv02700, 2010 WL 3910167, at *2-3 (N.D. Ohio Oct. 4, 2010). The second requirement was satisfied because all of the parties to this action were also parties to the foreclosure action.

Seeming to conflate the *Rooker-Feldman* source-of-injury inquiry with the third element of claim preclusion, plaintiffs assert that these three claims could not have been brought in the foreclosure action because the injury was not sustained until the state-court judgment was entered. The district court explained that plaintiffs' allegations, if accepted as true, would compel the conclusion that plaintiffs were not legally responsible for the default in payment of the mortgage. Plaintiffs could have raised claims that defendants' alleged instruction that they cease making mortgage payments and filing of the forfeiture action constituted a breach of the

loan modification agreement (breach of contract), a binding promise intended to induce inaction upon which plaintiffs reasonably relied (promissory estoppel), or a material misrepresentation (fraud) as counterclaims in the forfeiture action. *See Marion Prod. Credit Ass'n v. Cochran*, 533 N.E.2d 325, 330 (Ohio 1998) ("In an action upon a note secured by a mortgage, the defendant is entitled to interpose all counterclaims and defenses he may have against the creditor.").

Finally, since these claims allege that the forfeiture action was wrongfully instituted, the district court did not err in finding that the pre-forfeiture claims for breach of contract, promissory estoppel, and fraudulent misrepresentation arose out of the same transaction or occurrence that was the subject of the forfeiture action. Plaintiffs do not argue otherwise. The district court did not err in concluding that these claims were barred by claim preclusion under Ohio law.

**AFFIRMED**.[1]

---

[1]Plaintiffs argue that the district court erred in finding that the OSCPA does not apply to "mortgage servicers," but the district court actually dismissed the claim on the grounds of claim preclusion. Plaintiffs did not appeal that determination, or the dismissal on the merits of the claims based on conduct after the foreclosure action was filed.