NOT RECOMMENDED FOR PUBLICATION
File Name: 15a0667n.06

No. 14-2535

**FILED**
Oct 01, 2015
DEBORAH S. HUNT, Clerk

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| THEOLA VEASLEY, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| THE FEDERAL NATIONAL MORTGAGE | ) | |
| ASSOCIATION (FNMA), BAC HOME LOANS | ) | |
| SERVICING, LP, fka Countrywide Home Loans | ) | |
| Servicing LP (BAC), | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

**BEFORE: COLE, Chief Judge; GIBBONS and STRANCH, Circuit Judges.**

**JULIA SMITH GIBBONS**, **Circuit Judge**. Plaintiff Theola Veasley appeals the

district court's grant of summary judgment to defendants Federal National Mortgage Association

("Fannie Mae") and BAC Home Loans Servicing in an action alleging a violation of Mich.

Comp. Laws § 600.3204 in a mortgage foreclosure proceeding. Following the entry of the

decree of foreclosure, a sheriff's sale was held. Veasley attempted to redeem the property but

failed to do so prior to the expiration of the redemption period. She then filed suit in Oakland

County Circuit Court claiming that Fannie Mae and BAC did not have the proper record chain of

title due to an error in the metes-and-bounds description of the property. The case was removed

to federal court and cross-motions for summary judgment were filed. The district court found

that although Veasley's complaint did not raise an independent claim, the *Rooker-Feldman*

doctrine did not preclude the court's jurisdiction because the state-court judgment was not final.

The district court further concluded that Veasley's claim was barred by *res judicata*. Following the adverse judgement, Veasley filed two motions—including a motion to amend the complaint—which were subsequently denied.

On appeal, Veasely argues that the district court erred (1) in determining that Veasley failed to raise an independent claim in the context of the *Rooker-Feldman* doctrine, (2) in finding that *res judicata* barred her claim, and (3) in denying her motion to amend her complaint following the district court's grant of summary judgment in favor of the defendants.

For the reasons set forth below, we affirm the decision of the district court and hold that the *Rooker-Feldman* doctrine does not preclude our jurisdiction and that Veasley's claim is barred by the doctrine of *res judicata*. In addition, the district court's denial of Veasley's post-judgment motion to amend her complaint is affirmed.

I.

On August 31, 2004, Veasley purchased a home at 24669 Lafayette Circle in Southfield, Michigan ("24669 Lafayette"). At the closing, the seller conveyed Veasley a warranty deed for the wrong property—24654 Lafayette Circle ("24654 Lafayette").[1] No one caught the error, not even the mortgage company through which Veasley financed her purchase. Veasley thought she had obtained a mortgage on 24669 Lafayette when, in fact, the mortgage granted a security interest in 24654 Lafayette.

The mistake was discovered shortly thereafter, and in December of 2004, Veasley conveyed 24654 Lafayette to its intended owner who, in turn, conveyed 24669 Lafayette to Veasley. On October 21, 2005, the mortgage was modified to correct the metes-and-bounds description.

---

[1] The warranty deed described the property as "[m]ore commonly known as: 24654 Lafayette Circle." (DE 15-2, Warranty Deed, Page ID 137)

On August 30, 2010, the mortgage was assigned to BAC. Although the assignment contained the correct address of Veasley's property—24669 Lafayette Circle—it contained the erroneous metes-and-bounds description of 24654 Lafayette written in the original mortgage. Veasley defaulted on the mortgage in 2010 and BAC initiated foreclosure proceedings. A sheriff's sale was held on February 22, 2011, and Fannie Mae purchased 24669 Lafayette for $68,000. The sheriff's deed of the mortgage foreclosure included the correct metes-and-bounds description for 24669 Lafayette.

Under Michigan law, Veasley had six months to redeem the property by paying the highest amount bid at the sheriff's sale—in this case $68,000—plus interest and fees. *See* Mich. Comp. Laws §§ 600.3240, 600.3244. Veasley failed to redeem by the end of the redemption period. Despite Fannie Mae's ownership, Veasley refused to vacate the premises.

Pursuant to its rights under the sheriff's deed, Fannie Mae brought an action in Michigan's 46th District Court to recover possession of 24669 Lafayette. On June 14, 2012, the state district court issued a judgment of possession in favor of Fannie Mae and an order for eviction was subsequently entered.

In lieu of appealing the judgment of possession, on July 12, 2012, Veasley filed a complaint in the Oakland County Circuit Court seeking to have the sheriff's sale of the property set aside as well as have any future eviction actions enjoined. Defendants removed the case to the Eastern District of Michigan. Following removal, the parties entered a joint stipulation, signed by the federal district judge, purporting to stay the state eviction action pending resolution of this case. The parties subsequently filed cross-motions for summary judgment. The district court granted defendants' motion for summary judgment, denied Veasley's motion, and dismissed the case. The district court found that (1) the *Rooker-Feldman* doctrine did not

preclude the court's jurisdiction because the jointly stipulated stay meant the state court's judgment was not sufficiently final to warrant the doctrine's application, and (2) *res judicata* barred Veasley's claim because it raised the same issue litigated during the judgment of possession.

Approximately two weeks after the district court's judgment was entered, Veasley filed two motions simultaneously: a motion for reconsideration and a motion for leave to file an amended complaint. The district court denied both motions. Veasley subsequently filed a motion for reconsideration or to amend and alter the district court's adverse ruling as to her original motions, which the district court also denied. Veasley now timely appeals the district court's grant of summary judgment in favor of defendants, as well as the district court's denial of her motion to amend.

## II.

Prior to addressing the merits of Veasley's arguments, we must consider whether the *Rooker-Feldman* doctrine deprives us of jurisdiction over the instant appeal.

The *Rooker-Feldman* doctrine is jurisdictional in nature and prevents lower federal courts from exercising appellate jurisdiction over final state-court judgments. *See McCormick v. Braverman*, 451 F.3d 382, 391–92 (6th Cir. 2006). The scope of the doctrine is limited, barring only "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005). The *Rooker-Feldman* doctrine does not "turn all disputes about the preclusive effects of judgments into matters of federal subject-matter jurisdiction." *Truong v. Bank of Am.,*

*N.A.*, 717 F.3d 377, 384 (5th Cir. 2013) (quoting *Freedom Mortg. Corp. v. Burnham Mortg., Inc.*, 569 F.3d 667, 671 (7th Cir. 2009) (internal quotation marks omitted)).

There is no doubt that Veasley lost in a state court judgment rendered before the federal suit was filed. Thus, to determine whether the *Rooker-Feldman* doctrine bars Veasley's claim, we must look to the "source of the injury" alleged in the federal complaint. *See McCormick*, 451 F.3d at 393. In determining the source of the injury, we also consider Veasley's requested relief. *See Berry v. Schmitt*, 688 F.3d 290, 299–300 (6th Cir. 2012).

The district court first found that the source of Veasley's injury was the state-court decision. Nevertheless, the court determined that one fact precluded the *Rooker-Feldman* from depriving the district court of its jurisdiction: the state court judgment was not *final*. *See Lance v. Dennis*, 546 U.S. 459, 463 (2006) (holding that the *Rooker-Feldman* doctrine only applies to final state-court judgments). The district court's reasoning, in its entirety, is as follows:

> Here, there is no final state-court judgment. Though the state court has entered a judgment of possession and an order for eviction, the parties later stipulated to the entry of an order staying the state-court eviction proceedings while this case remains pending. As this Court has previously held, because of such a stipulation, the state court's order of eviction is not final, and therefore the state court proceedings are ongoing. *See Selakowski* [*v. Fed. Home Loan Mortg. Corp.*], [No. 13-12335], 2014 WL 1207874, at * 5 [(E.D. Mich. Mar. 24, 2014)] (finding that because the parties had stipulated to stay the state eviction proceeding, "[i]t follows that the state district court's order of eviction is not final, and that the state court proceedings are not yet concluded. This precludes the application of the *Rooker-Feldman* doctrine"). Therefore, *Rooker-Feldman* does not apply here.

(DE 26, Op. and Order, Page ID 632.)

The district court's conclusion is perplexing. Not only is the unpublished decision it relies upon of limited precedential value, but the procedural history of that case is materially different in one respect—the *state court*, not the district court, entered the stay of eviction. Here,

the state court in which Veasley's complaint was originally filed flatly refused to grant Veasley's emergency motion to stay her eviction. It was only in the district court where the order staying the state-court eviction proceedings was entered by joint stipulation of the parties.

The district court's confusion is understandable. At best, the caselaw concerning this topic is a jumble. But the panel need not wade into the quagmire of finality under the *Rooker-Feldman* doctrine because the judgment of possession entered by Michigan's 46th District Court was undoubtedly a final judgment.

While the Sixth Circuit has yet to adopt a clear principle for determining when a state court decision is final for the purposes of the *Rooker-Feldman* doctrine, *Exxon Mobil* instructs us that a state court judgment is sufficiently final when "the state proceedings [have] ended." 544 U.S. at 291. One way in which a proceeding ends is when the time for appeal has expired. *See Velazquez v. S. Fla. Fed. Credit Union*, 546 F. App'x 854, 857 (11th Cir. 2013) (citing *Nicholson v. Shafe*, 558 F.3d 1266, 1275 (11th Cir. 2009)); *Sheriff v. Accelerated Receivables Solutions, Inc.*, 283 F. App'x 602, 606 (10th Cir. 2008) ("[S]tate proceedings are final for *Rooker-Feldman* purposes when a party allows the time for appeal from a lower state-court judgment to lapse." (citing *Bear v. Patton*, 451 F.3d 639, 642 (10th Cir. 2006)); *Federacion de Maestros de P.R. v. Junta de Relaciones del Trabajo de P.R.*, 410 F.3d 17, 24 (1st Cir. 2005) ("[I]f a lower state court issues a judgment and the losing party allows the time for appeal to expire, then the state proceedings have ended.").

Here, by the time Veasley filed her parallel complaint contesting the validity of the foreclosure in Oakland County Circuit Court, the judgment of possession was a final decision. On June 14, 2012, Michigan's 46th District Court entered the judgment of possession. Veasley's time to appeal the judgment expired ten days after entry of the judgment. Mich. Ct. R.

4.201(N)(2) ("An appeal of right must be filed within 10 days after the entry of judgment."). Veasley never appealed or challenged this judgment within those ten days, thus the state proceedings had ended and the state court's decision was final. Neither her July 12, 2012 complaint, nor the stay entered in the district court, altered the finality of that judgment. *See Hudson v. Pittsylvania Cnty.*, 774 F.3d 231, 236 n.5 (4th Cir. 2014) (noting that a motion to stay proceedings could not toll the time for appeal because that time had already expired).

Nevertheless, the district court was correct in its ultimate conclusion that it was not stripped of jurisdiction, and "[w]e may affirm a decision of the district court if correct for any reason." *United States v. Montgomery*, 377 F.3d 582, 585 (6th Cir. 2004) (internal quotation marks omitted).

Veasley claims her injury does not stem from the state-court judgment; rather, she contends that she raised an independent claim alleging that the faulty mortgage assignment divested BAC of the right to foreclose on the property. The district court disagreed: "If the assignment of the Mortgage . . . was indeed faulty, that faulty assignment did not harm [Veasley] in any way; indeed, it would *benefit* her by potentially eliminating her debt obligation. . . . [T]he source of [her] injury was the state-court judgment."

In spite of any perceived benefits, the alleged faulty mortgage assignment—which vested BAC with the right to foreclose on the property—is the true source of Veasley's injury. Veasley's complaint asserted that the foreclosure of the property was conducted in error because it was acquired by an invalid assignment from the original mortgagee to BAC. Accordingly, it is easy to see how her claim may be perceived as a direct attack on the validity of the state court judgment of possession: Veasley seeks to undo the sheriff's sale of the property and prevent any further eviction efforts. Indeed, in her plea for relief, she expressly requests that the court set

aside the foreclosure sale and resulting Sheriff's deed as well as enjoin any further eviction actions undertaken by defendants. However, the simple fact that Veasley's claim "'denies a legal conclusion that a state court has reached'"—in this case the rightful possessor of the property—does not divest this court of jurisdiction. *McCormick*, 451 F.3d at 392–93 (quoting *Exxon Mobil*, 544 U.S. at 293). To the contrary, Veasley's complaint claims that the defendants engaged in independent acts, *i.e.* the assignment of a faulty mortgage in violation of Mich. Comp. Laws § 600.3204, which gave rise to the state court's judgment of possession.

*Rooker-Feldman* does not preclude this court's jurisdiction over Veasley's case because the previous action in Michigan's 46th court, in which Fannie Mae sought to recover possession of 24669 Lafayette, was merely a *continuation* of the injury stemming from BAC's faulty assignment and subsequent foreclosure proceedings. Veasley does not claim that the state court judgments are unconstitutional or in violation of federal law; instead Veasley raises an independent claim which this court has jurisdiction to review. *See McCormick*, 451 F.3d at 395 ("[T]he [*Rooker-Feldman*] doctrine is confined to those cases . . . when a plaintiff asserts before a federal district court that a state court judgment itself was unconstitutional or in violation of federal law.") Although her independent claim regarding the faulty assignment necessarily denies a legal conclusion of the state court, *i.e.*, that Fannie Mae is entitled to possession of the property, the *Rooker-Feldman* doctrine is "not a panacea to be applied whenever state [and federal] court decisions . . . potentially or actually overlap." *Id.* Instead, preclusion law is the appropriate avenue for resolving such issues. *Id.* at 392–93.

### III.

Because this court has subject matter jurisdiction over the litigation, we now turn to Veasley's *res judicata* claim. A district court's application of *res judicata* is reviewed *de novo*.

*Ohio ex rel. Boggs v. City of Cleveland*, 655 F.3d 516, 519 (6th Cir. 2011). "The doctrine of res judicata is intended to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and encourage reliance on adjudication, that is, to foster the finality of litigation." *Bryan v. JPMorgan Chase Bank*, 848 N.W.2d 482, 485 (Mich. Ct. App. 2014) (internal quotation marks omitted), *appeal denied*, 853 N.W.2d 355 (Mich. 2014). Federal courts must give the same preclusive effect to a state-court judgment that would be given by a court of the state from which the judgment arose. *Duncan v. U.S. Bank, NA*, 574 F. App'x 599, 602 (6th Cir. 2014) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)).

Michigan law bars an action under *res judicata* when "(1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Adair v. State*, 680 N.W.2d 386, 396 (Mich. 2004). Generally, *res judicata* bars "every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Id.* Neither party disputes that all of these elements have been fulfilled. The only question is whether Veasley's claim falls within the narrow statutory exception carved out in Michigan law.

Mich. Comp. Laws § 600.5750 provides that a judgment in summary proceedings, *i.e.*, a judgment for possession, "does not merge or bar any other claim for relief." Interpreting this statute, the Michigan Supreme Court explained that a judgment obtained in a summary proceeding does not bar claims that "could have been brought" during summary proceedings but were not. Rather, only those issues that were "actually litigated" in the summary proceedings bar future claims for relief. *Sewell v. Clean Cut Mgmt.,Inc.*, 621 N.W.2d 222, 225 (Mich. 2001). A judgment of possession, however, is "conclusive on the narrow issue of whether the eviction

was proper." *Id.* at 225. "In other words, a [state] district court judgment is res judicata on the issue of who has the right to possess the premises, because that question is actually litigated in the [state] district court." *1300 LaFayette East Coop., Inc v. Savoy*, 773 N.W.2d 57, 62 (Mich. Ct. App. 2009). Thus, nothing in the statute authorizes litigating afresh the question of who has the right to possess the premises. *See Sewell*, 621 N.W.2d at 224–25.

To circumvent *res judicata*, Veasley contends that the defendants did not meet their burden of establishing which issues were "actually litigated".[2] Although Veasley seeks to characterize her complaint as addressing an issue that was not litigated before the state court, the state court's summary proceeding tackled the very issue raised in the present lawsuit: who has the right to possess the foreclosed home.

In her complaint, Veasley alleges that the assignment conveyed to BAC was invalid by virtue of an incorrect metes-and-bounds description. Accordingly, BAC, Veasley argues, did not have the right to foreclose on the property and, by extension, Fannie Mae—the purchaser of the property—did not have a valid right to possess the property. Therefore the heart of Veasley's complaint—rightful possession of 24669 Lafayette—is merely a part of the previously litigated issue concerning rightful possession of the property. Because the right to possession was "actually litigated" in the summary proceeding, Veasley's claim is barred by *res judicata*.[3]

---

[2] "[T]he burden of proving the applicability of the doctrine of res judicata is on the party asserting it." *Baraga Cnty. v. State Tax Comm'n*, 645 N.W.2d 13, 16 (Mich. 2002).

[3] Veasley attempts to equate her situation with that presented in an unpublished state appellate court opinion, *Bygrave v. Van Reken*, No. 196949, 1998 WL 1991836 (Mich. Ct. App. Apr. 21, 1998), in which the court rejected the application of *res judicata* because the trial court's insistence that plaintiff's claims belonged in circuit court "effectively denied plaintiff the opportunity to present her claim." *Id.* at *4.

In her brief, Veasley contends that the judge presiding over the summary proceedings "directed her to assert [her claims of wrongful foreclosure] in a circuit court action." (Appellant's Br. 28). Veasley fails to provide any factual support in this record for the allegation. We therefore decline to consider this argument.

Nevertheless, even assuming that *res judicata* is misplaced, Veasley's claim would fail on the merits. The Michigan Supreme Court has held that a foreclosure is not invalidated by a harmless assignment defect. *Kim v. JPMorgan Chase Bank, N.A.*, 825 N.W.2d 329, 337 (Mich. 2012) ("[W]e hold that defects or irregularities in a foreclosure proceeding result in a foreclosure that is voidable, not void *ab initio*."). In *Kim*, the defendant failed to record the mortgage assignment prior to initiating foreclosure proceedings as required by Mich. Comp. Laws § 600.3204. *Id.* at 336. The Michigan Supreme Court found that such a lapse only rendered the foreclosure voidable, not void *ab initio*. *Id.* at 337.

The mistake in Veasley's case is even less serious than that presented in *Kim*. Here, the mistake was merely a scrivener's error: an erroneous metes-and-bounds description of the property in the mortgage assignment. Despite the incorrect metes-and-bounds description, the assignment contained the *correct address* of Veasley's property. What is more, the sheriff's deed included both the correct metes-and-bounds description for 24669 Lafayette as well as the appropriate address. Thus, in order to succeed on her claim, Veasley must show that she was prejudiced by the defendants' failure to include the correct metes-and-bounds description in the mortgage assignment. *Kim*, 825 N.W.2d at 337. She has failed to do so.

IV.

Following the district court's grant of summary judgment in favor of the defendants, Veasley moved for leave to file an amended complaint. The proposed amended complaint did not differ significantly from Veasley's original complaint as to its factual allegations; it merely included the addition of one new claim—a violation of Mich. Comp. Laws § 600.3240(2) because the defendants refused to cooperate in the redemption process, preventing Veasley from redeeming 24669 Lafayette. The district court subsequently denied Veasley's motion because

Veasley failed to demonstrate fraud or irregularity sufficient to enable her claim to survive a motion to dismiss. Veasley primarily argues that the district court abused its discretion in denying the motion because she "stated a viable theory of recovery" and *res judicata* is inapplicable to her new claim. (Appellant's Br. 31–32).

A district court's decision to deny a plaintiff's motion to amend her complaint is generally reviewed for an abuse of discretion. *See Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995). However, this court reviews *de novo* a district court's decision to deny a motion to amend based on the legal conclusion that the proposed amendment would be futile, *i.e*, would not withstand a motion to dismiss. *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005). When a motion under Federal Rule of Civil Procedure 15(a)(2) comes *after* a judgment against the plaintiff, courts "must consider the . . . interest[s] of protecting the finality of judgments and the expeditious termination of litigation." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (alteration and internal quotation marks omitted). Otherwise "plaintiffs could use the court as a sounding board to discover holes in their arguments and then reopen the case by amending their complaint to take account of the court's decision." *Id.* at 616 (internal quotation marks omitted).

To bolster her new additional claim, Veasley points to evidence allegedly proving defendants' actions prevented her from redeeming 24669 Lafayette. The facts she emphasizes to support this claim, however, were already present in her first complaint. Veasley was therefore already aware of the defendants' alleged misconduct and had no reason to wait to initiate a claim for violation of Mich. Comp. Laws § 600.3240(2). Two weeks after the district court's judgment was entered, Veasley filed a motion for leave to file an amended complaint, adding the same claim the district court faulted Veasley for not raising: a defective redemption process claim.

A plaintiff is not allowed to use a post-judgment Rule 15 motion "to raise arguments which could, and should, have been made before judgment issued." *Leisure Caviar*, 616 F.3d at 616 (internal quotation marks omitted). Thus, Veasley is not permitted to do so here.[4] Moreover, even taking the evidence into account, the district court correctly determined that Veasley failed to state a claim; therefore, it would be futile to allow her to amend the complaint. Thus, we uphold the district court's denial of Veasley's post-judgment motion to amend the complaint.

## CONCLUSION

For the reasons set forth above, we affirm the district court's grant of summary judgment in favor of the defendants and affirm the district court's denial of the plaintiff's post-judgment motion to amend.

---

[4] In such circumstances, Veasley would only be permitted to amend her complaint upon a showing of "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Crouch v. Honeywell Int'l, Inc.*, 720 F.3d 333, 345 (6th Cir. 2013) (internal quotation marks omitted). None of these extenuating circumstances is present here.