NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1126
_____

KATHLEEN J. TODD, INDIVIDUALLY AND ON BEHALF OF OTHER
SIMILARLY SITUATED
FORMER AND CURRENT HOMEOWNERS IN PENNSYLVANIA,

Appellant

v.

UNITED STATES BANK NATIONAL ASSOCIATION;
MCCABE, WEISBERG & CONWAY, P.C.


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2-15-cv-02866)
U.S. District Judge:  Honorable C. Darnell Jones
_____

No. 16-1255
_____

DAVID SCHRAVEN;
KELLY SCHRAVEN, Individually and on behalf of other
similarly situated former and current homeowners in Pennsylvania,

Appellants

v.

PHELAN HALLINAN DIAMOND & JONES PC;
US BANK NA, as trustee for J.P. Morgan Mortgage acquisition trust 2006-CH2,
asset backed passed through certificates, series 2006-CH2

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2-15-cv-03397)
U.S. District Judge:  Honorable Berle M. Schiller

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)

December 9, 2016

Before: FISHER,[*] KRAUSE and GREENBERG, *Circuit Judges*.

(Filed: April 12, 2017)
_____

OPINION[**]
_____

FISHER, *Circuit Judge*.

These consolidated appeals arise from the dismissal of the Plaintiffs' class-action complaints that allege claims arising out of Pennsylvania state foreclosure proceedings. The District Court held that the *Rooker-Feldman* doctrine precluded the exercise of jurisdiction over the Plaintiffs' claims. We will affirm.

## I.

The Plaintiffs, David and Kelly Schraven, and Kathleen Todd, defaulted on their mortgages. U.S. Bank National Association (the Trustee) commenced foreclosure actions against them.[1] Each foreclosure complaint asked for damages representing the principal balance of the loans, interest, attorney's fees, expenses incurred in foreclosing, and late fees. The Plaintiffs did not defend, so default judgments were entered against them. The Trustee's counsel sought to execute the judgments and the court scheduled sheriff's sales.

_____

[*] Honorable D. Michael Fisher, United States Circuit Judge for the Third Circuit, assumed senior status on February 1, 2017.

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] U.S. Bank serves as trustee to the banks to which the mortgages were assigned.

2

The sheriff's sales were rescheduled multiple times. Upon motion by the Trustee's counsel, the court reissued the writs of execution to include accrued costs and interest through the new prospective dates of sale. The Plaintiffs did not challenge the reissued writs of execution in state court.

The Plaintiffs allege that the Trustee breached its mortgage obligations and violated the Fair Debt Collection Practices Act (FDCPA),[2] by charging post-judgment attorney's fees, and by charging post-judgment interest before the interest accrued.[3] The District Court dismissed for lack of jurisdiction under the *Rooker-Feldman* doctrine.

## II.

We have jurisdiction under 28 U.S.C. § 1291. "We exercise de novo review over questions of subject matter jurisdiction," and we have "an independent obligation to determine whether subject-matter jurisdiction exists."[4]

## III.

The *Rooker-Feldman* doctrine precludes federal district courts from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."[5] Four requirements must be met for the

---

[2] 15 U.S.C. § 1692 *et seq.*
[3] The Schravens also bring related Pennsylvania state law claims.
[4] *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 163 (3d Cir. 2010).
[5] *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

*Rooker-Feldman* doctrine to apply: "(1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgment; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments."[6]

As a preliminary matter, the Plaintiffs challenge the validity of the underlying state court judgments because they were entered by a prothonotary. But Pennsylvania law authorizes a "prothonotary, on praecipe of the plaintiff, [to] enter judgment against the defendant for failure to file within the required time a pleading to a complaint which contains a notice to defend."[7] And a validly entered default judgment can bar federal jurisdiction under the *Rooker-Feldman* doctrine.[8] To the extent Plaintiffs urge that this case should be excepted from *Rooker-Feldman* because the prothonotary exceeded his jurisdiction under state law by awarding unliquidated attorney's fees, their argument also fails. While in dictum we have observed that vacating a state court judgment that is void as a matter of state law may "not intrude upon the notion of mutual respect in federal-state interests," we have not so held, and even the single Ninth Circuit case to which we cited for that proposition did not involve an exception to *Rooker Feldman*, but rather,

---

[6] *Great W. Mining,* 615 F.3d at 166 (brackets and internal quotation marks omitted).

[7] Pa. R. Civ. P. 1037(b).

[8] *See, e.g., In re Knapper*, 407 F.3d 573, 581 (3d Cir. 2005) (concluding that because Knapper could not "prevail on her federal claim without obtaining an order that would negate the state courts' [default] judgments," the federal claim was barred by *Rooker-Feldman*).

rested on the conclusion that the bankruptcy court had exclusive jurisdiction of the matter.[9] The exception Plaintiffs propose thus lacks support and would appear to require exactly the sort of "review and rejection" of state court judgments that the *Rooker-Feldman* doctrine was designed to avoid.[10]

The first and third requirements are satisfied. The Plaintiffs lost in the state court action and the default judgments were entered before they filed their federal claims. Central to this appeal are the second and fourth requirements, which are related.

With respect to the second requirement, the court must "identify those federal suits that profess to complain of injury by a third party, but actually complain of injury produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it."[11] With respect to the fourth element, the court must determine whether evaluating the plaintiff's claims will require "[p]rohibited appellate review consist[ing] of a review of the proceedings already conducted by the 'lower' tribunal to determine whether it reached its result in accordance with the law."[12]

The Plaintiffs argue that their injuries are the result of post-judgment activities—namely, the inclusion of attorney's fees and anticipated interest in the reissued writs of execution. But the default judgments provided for attorney's fees and interest through the

---

[9] *In re James*, 940 F.3d 46, 52-53 (3d Cir. 1991) (citing *Gonzales v. Parks*, 830 F.2d 1033 (9th Cir. 1987)).
[10] *Exxon Mobil Corp.*, 544 U.S. at 284.
[11] *Great W. Mining,* 615 F.3d at 167.
[12] *Id.* at 169.

date of the sheriff's sale, and a writ of execution is an enforcement mechanism for a default judgment in Pennsylvania.[13] The injuries complained of were therefore produced by the default judgments, which were neither stricken nor opened at the state court level. The Plaintiffs' federal claims are in effect appeals to the underlying default judgments. This is exactly what the *Rooker-Feldman* doctrine seeks to preclude. Accordingly, the District Court correctly concluded that it did not have jurisdiction to hear the Plaintiffs' claims.

IV

For the reasons set forth above, we will affirm.

---

[13] *See Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1262-65 (3d Cir. 1994) (discussing Pennsylvania's judgment procedure).