Paul L. Maloney, United States District Judge
Plaintiffs accuse Defendants of violating the Fair Debt Collections Practices Act. There is a pending motion for class certification. But, the injuries alleged by Plaintiffs arise from orders issued by state courts. And, this Court lacks jurisdiction to consider claims that are functionally appeals of state court decisions.
The plaintiffs in this lawsuit were defendants in debt-collection lawsuits filed in state courts. In each state-court case, a *838 judgment entered, which granted the state-court plaintiff prejudgment interest at a rate of 13%. Subsequently, the defendants in this lawsuit submitted, to state court clerks, requests for writs of garnishment that included post-judgment interest. In the requests for writs of garnishment, the defendants signed an affidavit attesting to the amount of judgment interest accrued to date. The plaintiffs, the defendants in the underlying state-court actions, assert that interest requested in the request for writs of garnishment was calculated at a rate not authorized by law. The plaintiffs contend that by making false, inaccurate, or misleading representations in the requests for writs of garnishment, the defendants violated the Fair Debt Collections Practices Act. Assuming the plaintiffs' accusations are accurate, the defendants may have collected tens or even hundreds of thousands of dollars in interest to which they were not entitled. Plaintiffs, however, were injured by underlying judgment or the writ itself, not by the allegedly false statement in the request for the writ. The plaintiffs' remedy was to file an objection or an appeal, not a federal lawsuit. Federal district courts do not have the authority to review allegedly erroneous judgments and orders rendered in the state courts. Therefore, this Court lacks subject-matter jurisdiction and two motions to dismiss (ECF Nos. 60 and 61) must be GRANTED.
I.
Defendants have filed two motions to dismiss for lack of subject-matter jurisdiction.[1] Defendant Mary Jane M. Elliott argues that this lawsuit is a collateral attack on the underlying judgments issued in state courts.[2] (ECF No. 60.) Defendant Berndt & Associates argues that this lawsuit is an appeal of the writs of garnishment, which are orders issued by the state courts.[3] (ECF No. 61.) Both Defendants conclude that the Rooker - Feldman doctrine applies and this Court lacks jurisdiction over the claims. Defendants bring their motion under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Having reviewed the motions, the record, and the relevant law, the matter will be resolved without a hearing. W.D. Mich. LCivR 7.3(d).
A.
When challenged by a motion filed under Rule 12(b)(1), the plaintiff bears the burden of establishing subject-matter jurisdiction. EEOC v. Hosanna-Tabor Evangelical Lutheran Church and Sch. , 597 F.3d 769, 776 (6th Cir. 2010) (citing Hollins v. Methodist Healthcare, Inc. , 474 F.3d 223, 225 (6th Cir. 2007) ). A motion to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction may take the form of a facial challenge, which tests the sufficiency of the pleading, or a factual challenge, which contests the factual predicate for jurisdiction. See RMI Titanium Co. v. Westinghouse Elec. Corp. , 78 F.3d 1125, 1134 (6th Cir. 1996) (quoting Mortensen v. First Fed. Savings and Loan Ass'n , 549 F.2d 884, 890-91 (3d Cir. 1977) ); see also *839 DLX, Inc. v. Kentucky , 381 F.3d 511, 516 (6th Cir. 2004) ; Ohio Nat'l Life Ins. Co. v. United States , 922 F.2d 320, 325 (6th Cir. 1990). In a facial attack, the court accepts as true all the allegations in the complaint, similar to the standard for a Rule 12(b)(6) motion. Ohio Nat'l Life Ins. Co. , 922 F.2d at 325. In a factual attack, the allegations in the complaint are not afforded a presumption of truthfulness and the district court weighs competing evidence to determine whether subject matter jurisdiction exists. Id. In this case, Defendants have made a factual challenge to the complaint. The court therefore will examine the complaint and the documents attached to determine if jurisdiction exists.[4]
B.
The Rooker - Feldman doctrine limits the jurisdiction of federal courts by limiting the power of federal courts from adjudicating appeals from or collateral attacks on state-court judgments and final orders. See Rooker v. Fidelity Trust Co. , 263 U.S. 413, 415-16, 44 S.Ct. 149, 68 L.Ed. 362 (1923) ; Dist. of Columbia Court of Appeals v. Feldman , 460 U.S. 462, 476, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). "The Rooker - Feldman doctrine embodies the notion that appellate review of state-court decisions and the validity of state judicial proceedings is limited to the Supreme Court under 28 U.S.C. § 1257, and thus that federal district courts lack jurisdiction to review such matters." In re Cook , 551 F.3d 542, 548 (6th Cir. 2009) ; see Hall v. Callahan , 727 F.3d 450, 453 (6th Cir. 2013).
The doctrine applies to a narrow set of circumstances: "cases brought by state court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp. , 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Following Exxon Mobil , the Sixth Circuit explained that the "rule of thumb" for the doctrine.
The inquiry then is the source of the injury the plaintiff alleges in the federal complaint. If the source of the injury is the state court decision, then the Rooker - Feldman doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as third party actions, then the plaintiff asserts an independent claim.
McCormick v. Braverman , 451 F.3d 382, 393 (6th Cir. 2006) ; see Coles v. Granville , 448 F.3d 853, 858 (6th Cir. 2006) (explaining that Rooker - Feldman applies "only when a plaintiff complains of an injury from the state court judgment itself.").
II.
Plaintiffs have attached more than forty documents to the complaint, including the judgments against them and the subsequent requests for writs of garnishment.[5] The requests for the writs were submitted on forms approved by the State Court Administrative Office (SCAO): MC-12 (period garnishment), MC-13 (nonperiodic garnishment) and MC-52 (income tax refund/credit). Blank spaces on the form allow the requesting party to identify the amount of the judgment and when the judgment issued, the amount of judgment interest accrued to date, the amount of post-judgment costs accrued to date, the *840 total amount of post-judgment payments and credits to date, and the amount of the unsatisfied judgment now due. Below that information, the party requesting the writ must "declare that the statements above are true to the best of my information, knowledge and belief." A line is provided for a date and a signature.
In Michigan, the post-judgment interest rate to which a prevailing party is entitled depends on whether the judgment is rendered on a written instrument or on something else. With some limitations, generally when the judgment is rendered on a written instrument of indebtedness, and the instrument specified an interest rate, the judgment will accrue interest at the rate specified in the instrument.[6] Mich. Comp. Laws § 600.6013(7). For other situations, the interest on money judgments is calculated at six-month intervals "at a rate of interest equal to 1% plus the average interest rate page at auctions of 5-year United States treasury notes during the 6 months immediately preceding July 1 and January 1." Id. § 600.6013(8). Generally, when the judgment rendered is not on a written instrument that specifies an interest rate, the interest is calculated in six-month intervals.
In the complaint, Plaintiffs identify the amount of post-judgment interest requested on each request for a writ of garnishment, which is supported by the documents attached to the complaint. Plaintiffs have not pleaded the precise interest rate used to calculate the requested amount of post-judgment interest. In the summary of the factual bases for their claims, Plaintiffs do allege that the amount of post-judgment interest owed and communicated to them by Defendants "exceeded the amount permitted by law." (E.g., Compl. ¶¶ 48, 75, 100, 133, and 167.) In the portion of the complaint where Plaintiffs outline their claims, Plaintiffs allege that the state-court judgments were not based on written instruments and the post-judgment interest identified on the requests for writs of garnishment was calculated at a rate higher than what the statute authorizes. (Id. ¶ 174-76.)
For the violations of the FDCPA, Plaintiffs seek several remedies. First, Plaintiffs seek a declaration that each defendant violated a provision of the FDCPA. (Compl. ¶ 213.) Second, Plaintiffs seek actual damages, statutory damages, costs and fees.
III.
The Court finds that the Rooker - Feldman doctrine applies and this Court lacks jurisdiction over Plaintiffs' FDCPA claims.
A.
For its motion, Defendant Mary Jane M. Elliott is correct that the sources of Plaintiffs' injuries are the underlying judgments, not the writs of garnishment. The alleged error in the authorized interest rate is contained in the state-court judgments. Defendants contend, and Plaintiffs do not argue or offer evidence otherwise, that the interest requested in the writs of garnishment was calculated using the interest rate authorized by the underlying judgments, 13%.
The legal error occurred in the underlying judgments, not in the request for writs of garnishment. Although the underlying judgments explicitly stated that they were not based on written instruments, the prejudgment interest rate granted in the judgments was entered in the section of the form for judgments based on written instruments. (ECF Nos. 5-2 PageID.62; ECF No. 5-11 PageID.83; ECF No. 5-18 PageID.99; ECF No. 24 PageID.113, and *841 ECF No. 5-24 PageID.135.) The interest rate for judgments on written instruments specifying an interest rate is the same for prejudgment interest and for post-judgment interest. Thus by law, meaning the state-court judgment and not the statute, the pre and post-judgment interest was set at 13%. Plaintiffs' injuries from the incorrect interest rate were produced by the state-court judgments. See, e.g., Todd v. United States Bank Nat'l Ass'n , 685 Fed.Appx. 103, 106 (3d Cir. 2017) ("The Plaintiffs argue that their injuries are the result of post-judgment activities-namely, the inclusion of attorney's fees and the anticipated interest in the reissued writs of execution. But, the default judgments provided for attorney's fees and interest through the date of the sheriff's sale, and a writ of execution is an enforcement mechanism for a default judgment tin Pennsylvania. The injuries complained of were therefore produced by the default judgments, which were neither stricken nor opened at the state court level. The Plaintiffs' federal claims are in effect appeals of the underlying default judgments."). Rooker - Feldman bars federal district courts from reviewing claims of legal error in state court judgments.
Plaintiffs' arguments to the contrary are not persuasive. First, the fact that only prejudgment interest was awarded in the underlying judgments ignores the portion of the judgment specifying the rate of interest. By checking the box for statutory interest for written instruments, the underlying state-court judgments established the interest rate for both prejudgment and post-judgment interest. The judgments might have authorized an amount of prejudgment interest only, but the judgment set the rate for both pre and post-judgment interest. Second, the holding in In re FDCPA Cognate Cases , No. 1:13cv1328, 2016 WL 1273349 (W.D. Mich. Mar. 28, 2016) is distinguishable. In that case, the requests for writs of garnishment included costs as the prevailing party in the garnishment proceedings. But, the prevailing party had not yet been determined in the garnishment proceedings. The underlying judgments did not establish which party prevailed in the garnishment proceedings. Id. at *4-*5.
B.
Because it was only involved in a state-court lawsuit after a judgment issued, Defendant Berndt offers an alternative argument. Berndt argues the writs of garnishment themselves are state-court orders subject to Rooker - Feldman .
1.
Berndt is correct that Plaintiffs' injuries were caused by the writs of garnishment. If Plaintiffs' allegations are true, the writs authorized the defendants in this lawsuit to collect post-judgment interest calculated at a rate not authorized by Michigan law. Using Plaintiffs' theory, their actual damages would be the difference between the amount of post-judgment interest collected and the amount of post-judgment interest actually owed (calculated using the correct interest rate). Although artfully worded, Plaintiffs are, in fact, appealing the writ of garnishment, or at least the amount of post-judgment interest contained in writ.
The sources of Plaintiffs' injuries are not the false affidavits contained within the completed SCAO forms. Under their theory, Plaintiffs were injured when excess interest was authorized by the writ. The two federal opinions on which Plaintiffs rely are distinguishable. In both cases of the cases cited by Plaintiffs, the state-court plaintiffs filed false affidavits, or affidavits with false statements. But, in both cases, the state court orders that relied on the false affidavits were successfully challenged in the state court proceedings.
*842 In Stolicker v. Muller, Muller, Richmond, Harms, Myers and Sgroi, P.C. , 387 F.Supp.2d 752, 754 (W.D. Mich. 2005), the false affidavit was contained in an application for default judgment. The affidavit stated that the claim for damages against the defendant, which included reasonable attorney fees, was for a sum certain. Id. After default entered, the state court defendant succeeded in having the entry of default set aside after establishing that the reasonable attorney fee provided for in the contract was not a sum certain. Id.
In Todd v. Weltman, Weinberg & Reis Co., LPA , 434 F.3d 432, 435 (6th Cir. 2006), the affidavit was submitted to the court as part of a garnishment proceeding. Based on the affidavit, which the court initially found valid, the court concluded that the funds in a particular account were not exempt and froze the account. Id. The state-court defendants requested a hearing and demonstrated to the court that the funds in the account were exempt from garnishment, and that the state-court plaintiff had no factual basis for believing that the funds were exempt. Id. The state court then exempted the funds in the account from garnishment. Id.
Having successfully challenged the adverse orders issued in the state courts, the state-court defendants in both Stolicker and Todd then filed FDCPA lawsuits in federal court based on the false affidavits. In both cases, the federal courts concluded that the Rooker - Feldman doctrine did not apply because the injury complained of in the federal lawsuit was not caused by a state-court judgment. Todd , 434 F.3d at 437 ; Stolicker , 387 F.Supp.2d at 754. This outcome makes sense. The court orders which relied on the false affidavits had been vacated, so the federal court could not function as an appellate court for those particular orders. Here, Plaintiffs injuries arise from the execution of the writs, not the statements contained in the request for the writs. Plaintiffs never challenged the writs. To grant Plaintiffs the relief they seek, this Court would have to conclude that the writs were invalid or otherwise erroneously issued.
Two Seventh Circuit opinions, Harold v. Steel , 773 F.3d 884 (7th Cir. 2014) and Kelley v. Med-1 Solutions, LLC , 548 F.3d 600 (7th Cir. 2008) rest on facts more similar to the situation here. In Harold , after a garnishment order issued in the state court, Harold challenged the order, contending that Steel had misrepresented the judgment creditor's identity. Id. at 885. The state judge denied Harold's challenge, and the garnishment order remained in effect. Harold then filed a federal lawsuit under the FDCPA. The district judge and the Seventh Circuit concluded that Rooker - Feldman deprived the federal courts of jurisdiction over the claim. Id. The Seventh Circuit expressly rejected Harold's assertion that the false statements, not the state court's decision, was the source of his injury. Id. at 886. Plaintiffs here, like Harold, suffer from an adverse order issued by a state court, which remains unchallenged.
Kelley involved a lawsuit over medical bills filed in small claims court. Kelley , 548 F.3d at 602. The state court plaintiff, a debt collection agency specializing in collecting consumer debts owed the health care providers, sued in its own name and obtained a judgment that included attorney fees. Id. After the lawsuit, the debtors learned that the plaintiff agency did not own the debt and failed to disclose the arrangement it had with the health care provider regarding attorney fees. Id. Kelley, one of the debtors, sued in federal court alleging violations of the FDCPA based on the request for attorney fees. The district court and the Seventh Circuit concluded that the Rooker - Feldman doctrine deprived federal courts of jurisdiction *843 over the claim. Id. at 603. The Seventh Circuit concluded that the judgment rendered in small claims court was the source of Kelley's injury, not the debt collector's misrepresentations and requests for attorney fees. Id. at 604-05. The court explained its reasoning:
Because defendants needed to prevail in state court in order to capitalize on the alleged fraud, the FDCPA claims that plaintiffs bring ultimately require us to evaluate the state court judgments. We could not determine that defendants' representations and requests related to attorney fees violated the law without determining that the state court erred by issuing judgments granting the attorney fees. Even in light of the Supreme Court's narrowing of Rooker - Feldman in Exxon Mobil , we conclude we are still barred from evaluating claims, such as this one, where all of the allegedly improper relief was granted by state courts.... Plaintiff here cannot prevail on their argument that their claims are independent of the state court judgment. They are the types of plaintiffs that Exxon Mobil anticipates and guards against: state court losers, who, in effect, are challenging state court judgments.
Id. at 605. Like the FDCPA claim presented in Kelley , this Court could not determine that the defendants here violated Michigan law concerning post-judgment interest without also determining that the writs were issued in error.
2.
Plaintiffs are alleging an error contained in the judgment or final order of a state-court proceeding. The writ of garnishment is a court order. A "writ" is defined as a "court's written order." Black's Law Dictionary (8th ed. 2004.) Although a writ of garnishment is signed by the clerk, the court possesses the power of garnishment. Mich. Comp. Laws § 600.4011(1) ; see Nationsbanc Mortg. Corp. of Georgia v. Luptak , 243 Mich.App. 560, 625 N.W.2d 385, 387 (2000) ("A court may exercise its garnishment power only in accordance with the Michigan Court Rules.").
The Michigan Rules of Court contain a section governing garnishment after judgment, Rule 3.101. Michigan courts have stated that garnishment proceedings are to be "treated like an independent civil action." Richer v. Richer , No. 318312, 2014 WL 5462721, at *5 (Mich. Ct. App. Oct. 28, 2014) (per curiam). The issues in garnishment proceedings "shall be tried in the same manner as other civil actions." Mich. R. Ct. 3.101(M)(1); see, e.g., LeDuff v. Auto Club Ins. Ass'n , 212 Mich.App. 13, 536 N.W.2d 812, 815 (1995) (reviewing the denial of a dispositive motion in a garnishment proceeding). The verified statement in the request for a writ of garnishment acts as the complaint. Mich. R. Ct. 3.101(M)(2). The parties are allowed to conduct discovery. Mich. R. Ct. 3.101(L)(3). Although some Michigan courts have used the term "ancillary" to describe garnishment proceedings, this court has previously concluded "that, despite the label placed on the action, the proceedings are treated in many ways as separate civil actions." Action Auto Stores, Inc. v. United Capitol Ins. Co. , No. 5:91-cv-32, 1992 WL 21203, at *2 (W.D. Mich. Jan. 13. 1992).
Plaintiffs here had a vehicle for challenging the writs. The rule provides for objections to a writ, but only for "defects in or the invalidity of the garnishment proceeding itself." Mich. R. Ct. 3.101(K)(1). Objections may be brought for several enumerated reasons, including "the garnishment was not properly issued or is otherwise invalid." Mich. R. Ct. 3.101(K)(2)(f). The phrase "otherwise invalid" is not defined. This Court concludes that when a judgment creditor, the defendants here, request an amount to which they are not legally entitled, the garnishment *844 is "otherwise invalid." And, if objections are filed, the court must schedule a hearing. Mich. R. Ct. 3.101(K)(3). The garnishee, the party receiving the issued writ, must serve the writ on the defendant, the judgment debtor, Mich. R. Ct. 3.101(E)(3)(a), so that the debtor may file objections with the court. In re Credit Acceptance Corp. , 273 Mich.App. 594, 733 N.W.2d 65, 70 (2007). Plaintiffs did not file any objections in the garnishment proceedings.
Rooker - Feldman applies because the writs of garnishment constituted the final orders in independent civil proceedings in state court. The writs were the only orders issued in those proceedings. The writs caused Plaintiffs' injuries. And, the garnishment proceedings have ended. Furthermore, Plaintiffs cannot complain that no document titled "judgment" or "final order" ever issued, because they failed to file any objections to the writs. Had Plaintiffs filed an objection, the trial court would have had to issue an order, which could then be appealed if it was adverse. A "judgment or order" rendered in a garnishment proceeding may be set aside or appealed "in the same manner and with the same effect as judgments or orders in other civil actions." Mich. R. Ct. 3.101(P). For Rooker - Feldman purposes, a state court decision is final "when the time for an appeal has expired." Veasley v. Fed. Nat'l Mortg. Ass'n , 623 Fed.Appx. 290, 294 (6th Cir. 2015) (collecting cases).[7] The time for Plaintiffs to file objections to the various writs has long expired-they had 14 days from service of the writ.
This Court must acknowledge that another opinion issued within the Western District reached the contrary conclusion. In In re: FDCPA Cognate Cases , No. 1:13-cv-1328, 2016 WL 1273349 (W.D. Mich. Mar. 28, 2016), one of my colleagues concluded that the requests for costs as the prevailing party contained in a request for a writ of garnishment was not barred by Rooker - Feldman .[8] The crux of our disagreement is whether a writ of garnishment functions as a judgment or final order such that Rooker - Feldman applies. See id. , at *3. As explained above, I concluded that the garnishment proceedings are independent civil actions, and that the writ constitutes an order of the court.[9] And, the garnishment proceedings reached a final conclusion, which is sufficient for Rooker - Feldman to apply. Where my colleague finds the holding Todd v. Weltman, Weinberg & Reis applicable, I find the factual differences in Todd critical to the holding in that case, which makes the holding distinguishable.
Application of Rooker - Feldman also makes intuitive sense. Where parties are afforded an opportunity to challenge the *845 amount of money that will be garnished, they should do so. Parties should not sit on their hands, have the money garnished, and then sue in a different forum to recover the difference between the amount of interest collected and the amount owed, and also recover statutory damages, costs and fees for their attorneys.
III.
This Court does not have jurisdiction to review judgments and orders issued in state courts, only the United States Supreme Court has that authority. Defendant Mary Jane M. Elliott has demonstrated that Plaintiffs' FDCPA claims arise from the underlying judgments in state courts. Those judgments authorized interest at a specific rate. The writs of garnishment that sought to collect post-judgment interest merely calculated the additional interest at the rate authorized by the judgment. Plaintiffs' claim, that the post-judgment interest calculation was a legal error, is a collateral attack on the underlying judgment. Defendant Bernd & Associates has demonstrated that the writ of garnishment is a court order and is the source of Plaintiffs' injuries. Under both theories, Defendants have established that Rooker - Feldman applies and this Court must dismiss Plaintiffs' FDCPA claims as to these two Defendants.
ORDER
For the reasons provided in the accompanying Opinion, Defendants' motions to dismiss (ECF No. 60 and 61) are GRANTED. IT IS SO ORDERED.

Defendants Midland Funding, Midland Credit Management, Encore Capital Group, and LVNV Funding have not filed any motions. These four entities allegedly owned the debts that were the subject of the state-court lawsuits.

For all five named plaintiffs-Buck, Beckley, Robinson, Swagerty, and Vanderkodde-Defendant Mary Jane M. Elliott acted as counsel and filed the state-court lawsuit. For Buck, Beckley, Robinson, and Vanderkodde, Elliott also submitted the requests for writs of garnishment.

Berndt & Associates filed the requests for writs of garnishment against Plaintiff Swagerty.

It likely does not matter if Defendants' motions are factual or facial attacks. All of the relevant documents, the judgments and writs of garnishment, are attached to the complaint and may be considered by the Court. Plaintiffs have not submitted any additional evidence as part of their responses to the motions.

The governing document is Plaintiffs' first amended complaint. (ECF No. 5.)

Among the limitations, the rate of interest must be legal and, the rate for the subsection "shall not exceed 13% per year compounded annually." Mich. Comp. Laws § 600.6013(7).

In Veasley , the circuit court concluded that Rooker - Feldman did not apply, but for reasons other than that provided by the district court. Id. at 294.

Again, to be clear, the party requesting the writs in the In re FDPCA Cognate Cases declared itself the prevailing party in the garnishment proceedings before any determination that the party to whom the writ was issued had any of the judgment debtors' assets.

At least one other court has also concluded that a clerk-issued garnishment in a state garnishment proceeding constitutes an order of the court to which Rooker - Feldman would apply. E.g., Jung v. Cottonwood Fin. Wisconsin, LLC , No. 14-cv-241, 2015 WL 106227, at *4 (W.D. Wis. Jan. 7, 2015) (discussing the Wisconsin garnishment proceedings where a clerk issues a "garnishment form that bears a case caption and the court's seal. Even if the Wisconsin statutes do not use the term "order" to describe the form, Jung does not explain how the document fails to qualify as a "state court determination[ ], upon which Rooker - Feldman can operate.").