**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED JANUARY 30, 2001**

CHERYL DENISE SEWELL,

    Plaintiff-Appellee,

v                                      No. 116528

CLEAN CUT MANAGEMENT, INC. and
JOHN DOE,

    Defendants,

and

JEFFREY CRUSE, Individually and d/b/a
CLEAN CUT MANAGEMENT, INC.,

    Defendants-Appellants.

_____

PER CURIAM

The plaintiff tenant sued the defendant landlord, alleging negligence and unlawful eviction. During trial, the defendant moved for a directed verdict on the ground that a prior judgment in the district court had resolved the issue whether the eviction was lawful. The circuit court denied the motion and later entered judgment in favor of the plaintiff. The Court of Appeals affirmed. We reverse the judgments of

the circuit court and the Court of Appeals, and remand this case to the circuit court for further proceedings.

I

Defendant Jeffrey Cruse owned a house at 17184 Warrington Drive in Detroit.  He rented a flat in the house to plaintiff C. Denise Sewell for $450 per month.

Ms. Sewell soon fell behind in her rent.  She says that she was withholding rent because of numerous unrepaired problems in the flat.

In May 1995, Mr. Cruse filed a complaint in the district court, seeking termination of Ms. Sewell's tenancy.[1]  This led to a consent judgment that entered twelve days later.[2]  The judgment required Ms. Sewell to pay $450 by June 2.  However, the judgment further provided:

> [Mr. Cruse] agrees to make repairs to side door, lock on front door, tile in bathroom, repair bathroom leak, bath ceiling, repair hot water & electrical; all to be made before money is due on 6/2/95.[3]

Mr. Cruse says he made the required repairs.  Ms. Sewell says he did not.  However, Mr. Cruse has testified that Ms. Sewell did sign a form indicating that the repairs had been made.

---

[1] Summary proceedings for the recovery of possession of premises are governed by MCL 600.5701 *et seq.*; MSA 27A.5701 *et seq.* and by MCR 4.201.

[2] MCR 4.201(K).

[3] This language is handwritten on the judgment form and is not entirely legible.  We have added punctuation.

Using this documentation, Mr. Cruse returned to the district court, where he signed a June 5 application for a writ of restitution.[4] The form indicated that Mr. Cruse had complied with the terms of the judgment and that Ms. Sewell had not met her payment obligation. The court signed the writ on June 7. The form directed the court officer to "remove [Ms. Sewell] from the premises described and to restore peaceful possession to [Mr. Cruse]."

Ms. Sewell did not appeal the consent judgment or the writ of restitution. Neither did she ask the district court to set aside the judgment or the writ.

Several weeks later, a district court bailiff effected the eviction. There is conflicting testimony about whether he removed *all* of Ms. Sewell's possessions from the flat. At a minimum, he put most of her possessions on the front lawn.

Ms. Sewell, who had been in the hospital, learned of the eviction a few days later. With family members, she went to the flat. Apparently while removing additional property from the premises, she slipped and fell. Ms. Sewell had received a kidney transplant in 1991 and another in 1995, and her fall evidently caused serious complications in that regard.

In March 1996, Ms. Sewell sued Mr. Cruse in circuit court.[5] In count I of the complaint, she alleged that he had

---

[4] MCR 4.201(L).

[5] The defendants named in the complaint were Clean Cut Management, Inc.; Mr. Cruse, individually and doing business

3

negligently maintained the premises and that she had suffered serious injury as the result. In count II, she alleged that she had been unlawfully evicted.[6]

This case was tried before a jury in circuit court. During trial, Mr. Cruse moved for a directed verdict. He argued that the district court eviction order was a binding resolution of the question whether the eviction had been legal. The court denied the motion.

In its verdict, the jury found that Mr. Cruse had been negligent,[7] and that his negligence had been the proximate cause of $4,700 in lost wages for Ms. Sewell, as well as $50,000 in noneconomic damages. The jury also found that she had been unlawfully ejected from her premises and that her property loss was in the amount of $5,000. Thus the total verdict was $59,700.

---

as Clean Cut Management; and John Doe. The complaint was answered by Mr. Cruse, doing business as Clean Cut Management, and he has been the only defendant to participate in this litigation. Thus we will continue to refer to him as the sole defendant.

[6] Ms. Sewell also asked for treble damages under MCL 600.2918(1); MSA 27A.2918(1), which provides:

> Any person who is ejected or put out of any lands or tenements in a forcible and unlawful manner, or being out is afterwards held or kept out, by force, if he prevails, is entitled to recover 3 times the amount of his actual damages or $200.00, whichever is greater, in addition to recovering possession.

[7] The jury found no negligence on the part of Ms. Sewell.

4

Mr. Cruse moved for judgment notwithstanding the verdict or, alternatively, for new trial. He argued that the district court proceedings that granted him possession of the Warrington premises were res judicata and collateral estoppel. He also argued that, in light of the district court judgment and writ, Ms. Sewell had been a trespasser at the time she slipped and fell. The circuit court denied the motion.

The Court of Appeals affirmed,[8] citing our decision in *JAM Corp v AARO Disposal, Inc*, 461 Mich 161; 600 NW2d 617 (1999).

Mr. Cruse has now applied to this Court for leave to appeal.

II

The procedural history in *JAM Corp* was complicated by uncertainty regarding the proper names and identities of the parties. However, there came a point when JAM[9] began summary proceedings in district court to regain control of premises that had been leased to AARO Disposal, Inc. Because of problems relating to the corporate status (or lack thereof) of JAM, the district court action was dismissed with prejudice (though the premises were returned to the control of JAM). 461 Mich 162-165.

---

[8] Unpublished opinion per curiam, issued December 3, 1999, reh den February 25, 2000 (Docket No. 208148).

[9] There were several variants of the "JAM" corporate name but, for present purposes, they are not important.

Following the dismissal in district court, JAM filed suit against AARO in circuit court.[10]  The complaint stated six causes of action, including implied contract and unjust enrichment.  The circuit court dismissed the complaint with prejudice, finding the district court dismissal to be res judicata.  The Court of Appeals affirmed.[11]  461 Mich 165-166.

In *JAM Corp*, this Court examined several sections of the chapter dealing with summary proceedings.  Our conclusion was that "[p]lainly the Legislature took these cases outside the realm of the normal rules concerning merger and bar in order that attorneys would not be obliged to fasten all other pending claims to the swiftly moving summary proceedings."  461 Mich 168-169.  We also said that "it is evident that judgment in these summary proceedings, no matter who prevails, does not bar other claims for relief."  461 Mich 170.

Accordingly, we reversed the judgments of the Court of Appeals and circuit court in *JAM Corp*, and remanded the case for further proceedings on JAM's circuit court suit.  461 Mich 171.

III

In the present case, the Court of Appeals fastened on our statement that judgment in summary proceedings does not bar

_____

[10] JAM also appealed the district court dismissal, though the result of that appeal was unknown to us as we wrote our opinion in *JAM Corp*.  461 Mich 165.

[11] Unpublished opinion per curiam, issued January 16, 1998, reh den April 21, 1998 (Docket No. 193594).

other claims for relief.  Quoting that holding, it affirmed a circuit court judgment based on a jury's verdict that the eviction had been illegal, notwithstanding that the eviction occurred pursuant to an unappealed district court consent judgment and writ of restitution.

This is not consistent with the statute or with our analysis in *JAM Corp*.  We said in *JAM Corp* that "judgment in these summary proceedings, no matter who prevails, does not bar *other* claims for relief."  461 Mich 170.  Nothing in the statute or in *JAM Corp* stands for the proposition that, having litigated in the district court the issue who has the right to the premises, that question can be relitigated de novo in a subsequent suit.  Such an approach would empty MCL 600.5701 *et seq*.; MSA 27A.5701 *et seq*. of all significance.  After repossessing premises in accord with the statute and an order of the district court, a landlord would remain in jeopardy of further litigation on that same question.

Neither do principles of res judicata support judgment of the Court of Appeals.  In *Dart v Dart*, 460 Mich 573, 586; 597 NW2d 82 (1999), we explained:

> Res judicata bars a subsequent action between the same parties when the evidence or essential facts are identical. *Eaton Co Bd of Co Rd Comm'rs v Schultz*, 205 Mich App 371, 375; 521 NW2d 847 (1994).  A second action is barred when (1) the first action was decided on the merits, (2) the matter contested in the second action was or could have been resolved in the first, and (3) both actions involve the same parties or their privies. *Id*. at 375-376.

Michigan courts have broadly applied the doctrine of res judicata. They have barred, not only claims already litigated, but every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not. *Gose v Monroe Auto Equipment Co*, 409 Mich 147, 160-163; 294 NW2d 165 (1980); *Sprague v Buhagiar*, 213 Mich App 310, 313; 539 NW2d 587 (1995).

This case obviously presents issues concerning the relationship between summary possession proceedings and the doctrine of res judicata. As explained in *Dart*, Michigan's broad res judicata rule bars claims arising out of the same transaction that could have been litigated in a prior proceeding, but were not. *JAM Corp*, 461 Mich 167.

Our decision in *JAM Corp* recognized a statutory exception to this rule with respect to claims that "could have been" litigated in a prior proceeding. See *id.* at 168, citing MCL 600.5750; MSA 27A.5750. There, we recognized that the legislative intent for this exception was to remove the incentive for attorneys to "fasten all other pending claims to swiftly moving summary proceedings." *Id*. at 169. Our decision in *JAM Corp* said nothing about the preclusive effect of claims actually litigated in the summary proceedings. Thus, the "other claims of relief," described in *JAM Corp* at 170, were those claims that "could have been" brought during the summary proceedings, but were not. This Court was not describing subsequent claims involving the issues actually litigated in the summary proceedings.

8

In the present case, Ms. Sewell sought damages for personal injuries suffered on Mr. Cruse's premises and for damage to personal property. Mr. Cruse says she was a trespasser and that the circuit court should have granted a directed verdict in his favor. We need not decide in this opinion the full effect of the district court's judgment and writ, with respect to the status of Ms. Sewell as she entered the premises or the extent, if any, of Mr. Cruse's duty toward her. However, we do hold that, where the district court judgment and writ have not been reversed or vacated, they are conclusive on the narrow issue whether the eviction was proper.

Unlike *JAM Corp*, this case presents a question regarding the preclusive effect of a claim that was actually litigated in the summary proceeding. Therefore, the limited statutory exception to Michigan's res judicata rule does not apply. The circuit court thus erred in failing to grant, at least in part, the motion for a directed verdict.

For these reasons we reverse the judgments of the circuit court and the Court of Appeals. We remand this case to the circuit court. On remand, the circuit court shall enter judgment in favor of the defendant on the plaintiff's wrongful eviction claim. Because the verdict in favor of the plaintiff on her negligence claim may have been influenced by the error

9

with regard to her wrongful eviction claim, we remand for further proceedings consistent with this opinion with regard to the negligence claim. MCR 7.302(F)(1).

CORRIGAN, C.J., and WEAVER, TAYLOR, YOUNG, and MARKMAN, JJ., concurred.

STATE  OF  MICHIGAN

SUPREME COURT


CHERYL DENISE SEWELL,

    Plaintiff-Appellee,

v                                                                    No. 116528

CLEAN CUT MANAGEMENT, INC. and
JOHN DOE,

    Defendants,

and

JEFFREY CRUSE, Individually and d/b/a
CLEAN CUT MANAGEMENT, INC.,

    Defendants-Appellants.
_____

CAVANAGH, J.

    I would not decide this case by a per curiam opinion. Because this case offers the opportunity to address a jurisprudentially significant issue, I would grant leave so we might avail ourselves of full briefing and argument by the parties.

    **KELLY, J., concurred with CAVANAGH, J.**