*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHRISTINE WAQUAN,

Plaintiff-Appellant,

v

ESTATE OF ROBERT JAMES BEDRA, by
DARREN FINDLING, Personal Representative,

Defendant-Appellee.

UNPUBLISHED
May 7, 2019

No. 342540
Wayne Circuit Court
LC No. 17-016215-NI

Before: STEPHENS, P.J., and GADOLA and LETICA, JJ.

PER CURIAM.

Plaintiff appeals as of right an order granting summary disposition in favor of defendant, pursuant to MCR 2.116(C)(7). We affirm.

This case arises out of a car accident that occurred between plaintiff and Robert James Bedra (decedent) on Moore Avenue in Allen Park. Plaintiff was driving westbound on Moore Avenue when decedent, who was driving eastbound on Moore Avenue, crossed onto the westbound lane and struck plaintiff's vehicle.

On March 22, 2017, plaintiff filed a complaint against defendant alleging automobile negligence in violation of the Michigan Vehicle Code, MCL 257.1 *et seq.*, and the Michigan no-fault act, MCL 500.3101 *et seq.* Plaintiff alleged that decedent drove his vehicle recklessly and failed to keep his vehicle on the correct side of the road. Plaintiff also alleged that, as a result of decedent's actions, she suffered an objectively manifested impairment of an important bodily function that affected her ability to lead a normal life. Defendant served plaintiff with a set of requests for admissions, which, among other things, requested that she admit that she had not been injured and did not suffer a serious impairment of bodily function from the accident. After plaintiff failed to provide a timely response to the requests for admissions, defendant moved for summary disposition pursuant to MCR 2.116(C)(10), alleging that plaintiff was deemed to have admitted that she was not injured in the accident and that she did not have a serious impairment of bodily function. The trial court granted defendant's motion for summary disposition because

plaintiff failed to file a response to defendant's motion, and the court determined that plaintiff consented to the relief requested in defendant's motion.

Thereafter, plaintiff initiated a second action by filing a complaint with the same allegations presented in the previously dismissed action. In lieu of an answer, defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(7), arguing that plaintiff's complaint was barred by the doctrine of res judicata. The trial court determined that the previous case was decided on the merits and that the two cases involved the same parties and legal issues. The trial court then entered an order granting defendant's motion for summary disposition based on res judicata.

Plaintiff argues that the trial court erred when it determined that summary disposition was mandatory on the basis of res judicata and that application of res judicata to this case did not serve the purpose behind the doctrine. We disagree.

"Generally, an issue is not properly preserved if it is not raised before, addressed by, or decided by the lower court or administrative tribunal." *General Motors Corp v Dep't of Treasury*, 290 Mich App 355, 386; 803 NW2d 698 (2010). In the trial court, plaintiff argued that res judicata did not apply to the second case because there was no decision on the merits in the first case. Plaintiff now concedes that res judicata applied, but argues that the trial court was not required to apply the doctrine of res judicata based on its equitable powers. Accordingly, plaintiff's claim of error is unpreserved.

This Court generally reviews de novo a trial court's grant of summary disposition, *Detroit Edison Co v Stenman*, 311 Mich App 367, 377; 875 NW2d 767 (2015), as well as its application of res judicata, *Duncan v Michigan*, 300 Mich App 176, 194; 832 NW2d 761 (2013). However, Michigan follows a "raise or waive" rule of appellate review in civil matters. *Walters v Nadell*, 481 Mich 377, 387; 751 NW2d 431 (2008). Accordingly, "appellate courts require litigants to raise and frame their arguments at a time when their opponents may respond to them factually," and the trial court may address them. *Id*. at 388. Plaintiff failed to raise in the trial court the arguments that the trial court, based on equity, was not required to apply the doctrine of res judicata and that application of the doctrine would not serve the underlying purpose of the doctrine. This Court reviews unpreserved issues for plain error. *Demski v Petlick*, 309 Mich App 404, 426-427; 873 NW2d 596 (2015). " 'To avoid forfeiture under the plain error rule, three requirements must be met: 1) the error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights.' " *Kern v Blethen-Coluni*, 240 Mich App 333, 336; 612 NW2d 838 (2000), quoting *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). The third requirement "generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Carines*, 460 Mich at 763.

"The doctrine of res judicata is employed to prevent multiple suits litigating the same cause of action." *Adair v Michigan*, 470 Mich 105, 121; 680 NW2d 386 (2004). "A second action is barred when (1) the first action was decided on the merits, (2) the matter contested in the second action was or could have been resolved in the first, and (3) both actions involve the same parties or their privies." *Sewell v Clean Cut Mgt, Inc*, 463 Mich 569, 575; 621 NW2d 222 (2001) (quotation marks and citation omitted). Plaintiff concedes that the elements of res judicata were present in her second case, but argues that res judicata is an equitable doctrine and,

as such, the trial court had discretion in its application of the doctrine. We disagree. The doctrine of res judicata is a legal doctrine. *Estes v Titus*, 481 Mich 573, 579; 751 NW2d 493 (2008) (stating that res judicata is a legal doctrine subject to de novo review). Accordingly, the trial court did not have the discretion to decline to apply the doctrine if the elements of the doctrine were present. See *id*. at 585 ("The doctrine *bars all matters* that with due diligence should have been raised in the earlier action.") (emphasis added). And, as plaintiff concedes, defendant established res judicata with respect to this action.

Plaintiff also argues that application of the doctrine of res judicata to the present case does not serve the purpose behind the doctrine. We disagree. "The purpose of res judicata is to prevent inconsistent decisions, conserve judicial resources, and protect vindicated parties from vexatious litigation." *Duncan*, 300 Mich App at 194. Plaintiff's objective in the second case was to obtain a different result than the first case, which was dismissed on the merits. By filing a second case, plaintiff used judicial resources that could have been used on other cases. Dismissal of plaintiff's second case also protected defendant from the time and expense of defending against another claim that was identical to the claim that was previously dismissed. Therefore, application of the doctrine of res judicata to plaintiff's second case was justified by the purpose behind the doctrine.

Affirmed. As the prevailing party, defendant may tax costs. MCR 7.219(A).


/s/ Cynthia Diane Stephens
/s/ Michael F. Gadola
/s/ Anica Letica

-3-