*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JAMES H. ANDERSON,

        Plaintiff-Appellant,

v

ARAMARK FACILITY SERVICE, LLC, and
GENERAL MOTORS FLINT ASSEMBLY,

        Defendants-Appellees,

and

DIANA CURTIS, KEVIN WOODRUN, and
HYDRO CHEM,

        Defendants.

UNPUBLISHED
June 15, 2023

No. 359247
Genesee Circuit Court
LC No. 19-113131-NO

Before: RIORDAN, P.J., and BORRELLO and BOONSTRA, JJ.

PER CURIAM.

    Plaintiff appeals by delayed leave granted[1] the trial court's order granting summary disposition in favor of defendants Aramark Facility Service, LLC (Aramark) and General Motors Flint Assembly (GM) (collectively, defendants)[2] under MCR 2.116(C)(7) (claim barred by res judicata) and (C)(8) (failure to state a claim). We affirm the grant of summary disposition, but remand to the trial court to consider whether to allow plaintiff to amend his complaint with respect to GM.

---

[1] *Anderson v Aramark Facility Serv, LLC*, unpublished order of the Court of Appeals, entered April 14, 2022 (Docket No. 359247).

[2] Defendants Kevin Woodrun, Diana Curtis, and Hydro Chem are not parties to this appeal.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

This appeal arises out of the termination of plaintiff's employment in 2016. The following factual allegations are taken from plaintiff's complaint. Plaintiff was employed by Aramark and was a member of UAW Local 598 (the union). It appears that plaintiff worked at a facility in Flint that was owned by GM. Plaintiff alleged in his complaint that at a meeting held on September 9, 2015, Kevin Woodrun (Woodrun),[3] a Hydro Chem[4] supervisor, confronted plaintiff about his alleged failure to appear for work or to call in on a certain date. Plaintiff stated that he had not been scheduled to work on the date in question. Another employee at the meeting, Tony Beaugard, allegedly "berate[d]" plaintiff, told plaintiff that he did not want to represent plaintiff,[5] and accused plaintiff of lunging at him. Plaintiff, who felt he was being "set up," called for help over the radio. Plaintiff was escorted out of the facility by GM security.

On September 11, 2015, Bobby Banks, who works for GM, informed plaintiff that he was suspended for 30 days. Plaintiff filed a grievance, which he claims was ignored. On September 15, 2015, plaintiff met with Diana Curtis, an Aramark employee. Curtis allegedly told plaintiff in a "demeaning manner" that he had to attend an anger management class before returning to work. According to plaintiff, he mailed "an Employee Right to Know Act request" to Curtis, and requested information under the Freedom of Information Act, MCL 15.231 *et seq.* Curtis allegedly ignored both requests. Plaintiff filed another grievance, which he claims was also ignored.

On October 16, 2015, plaintiff returned to work. Plaintiff was informed by co-worker Debra Bruton that an unnamed employee had reported that plaintiff had threatened to "punch his lights out." Plaintiff denied the allegation. Banks, who was also present, allegedly told plaintiff that he was on his "last leg." In January 2016, Woodrun assigned plaintiff to a "blasting booth," which requires employees to wear a particular type of boots. Plaintiff explained his boots had been damaged and requested union intervention. Plaintiff was given three days off, pending an investigation. On February 1, 2016, Aramark terminated plaintiff's employment. Plaintiff filed a grievance, which he alleges was ignored.

On March 15, 2016, plaintiff, who was proceeding *in propria persona*, filed a complaint in Genesee Circuit Court in relation to the termination of his employment and the events leading

---

[3] At times, Woodrun is referred to as "Woodrum" in the lower court record and by the parties on appeal. Because the caption of plaintiff's complaint and plaintiff's application for delayed leave to appeal refer to "Kevin Woodrun," we will refer to him as "Woodrun" in this opinion.

[4] It is unclear from the record how Hydro Chem is associated with Aramark and GM. It is also unclear how Aramark and GM are associated. The proper legal name of Hydro Chem also is not identified in plaintiff's complaint.

[5] It appears from the record that Beaugard (whose name is spelled variously in plaintiff's complaint) was a union representative.

up to it.  In relevant part, plaintiff asserted claims against Aramark and GM.[6]  The case was later removed to the United States District Court for the Eastern District of Michigan.  In May 2017, the federal district court dismissed plaintiff's claims against Aramark with prejudice, and dismissed plaintiff's claims against GM without prejudice after concluding that plaintiff had failed to timely serve GM.  Plaintiff attempted to appeal this decision, but the United States Court of Appeals for the Sixth Circuit dismissed plaintiff's appeal as untimely.

In August 2019, plaintiff, again proceeding *in propria persona*, filed another action in Genesee Circuit Court, asserting in part claims against Aramark and GM.[7]  Plaintiff alleged claims of breach of employment contract (against Aramark) and negligent supervision (against both defendants).  Plaintiff served GM with the complaint.  GM answered the complaint and generally denied liability.  Plaintiff failed to timely serve Aramark.  Plaintiff then filed another action in December 2019, again naming Aramark as a defendant.  The trial court consolidated the two matters.

In January 2020, plaintiff filed a motion with the trial court requesting discovery.  At the hearing on the motion in February 2020, the trial court noted that the parties planned to attend mediation, and stated, "[I]f it doesn't resolve, I'll hear [plaintiff's] discovery requests."  The matter was not resolved by mediation.  Plaintiff never renewed his discovery requests or asked the trial court to rule on his motion.

In March 2021, defendants moved for summary disposition under MCR 2.116(C)(7) and (C)(8).  Relying on the federal district court's decision to dismiss plaintiff's 2016 action, defendants argued that the 2019 action was barred by the doctrine of res judicata.  Defendants also argued that plaintiff failed to state claims for breach of employment contract and negligent supervision.  Plaintiff opposed defendants' motion, arguing that the doctrine of res judicata did not apply because GM was not a party to the federal court action.[8]  Plaintiff also argued that summary disposition under MCR 2.116(C)(8) was improper.  After hearing oral arguments, the trial court granted defendants' motion for summary disposition under MCR 2.116(C)(7) and (C)(8), stating:

> I agree with the defense['s] position.  The motion for summary disposition is granted for the various reasons . . . stated, and also based on the Court's inquiries, of res judicata, the lack of a contract, the lack of supervision, and other things as stated.

---

[6] Also named as defendants in that earlier action were Curtis, Banks, Bruton, Beaugard, Jason Bowe, Glenn Fackler, Woodrun (then identified as "Woodrum"), Hydro Chem, and the union.

[7] Plaintiff also named Hydro Chem, Curtis, and Woodrun as defendants.  It is undisputed that they were not served with the complaint.

[8] In actuality, GM was named as a defendant in the 2016 action; the federal district court dismissed without prejudice the claims against GM because plaintiff had failed to timely serve GM with the summons and complaint.

And I certainly feel bad for [plaintiff]. He's been fighting this case for, you know, half a decade at this point. At the same time, giving him any benefit of the doubt, I do not see where his case can continue. So the motion is granted.

Before the trial court entered its order granting summary disposition, plaintiff filed a motion for leave to amend his complaint. The trial court did not address the motion. The trial court then entered its order granting summary disposition in favor of defendants. Plaintiff moved for reconsideration, which the trial court denied. This appeal followed.[9]

## II. STANDARD OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Bailey v Antrim Co*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 357838); slip op at 5 (quotation marks and citation omitted). MCR 2.116(C)(7) provides that summary disposition may be granted if the action is barred by res judicata. See *RDM Holdings, LTD v Continental Plastics Co*, 281 Mich App 678, 687; 762 NW2d 529 (2008). "The applicability of the doctrine of res judicata is a question of law that is . . . reviewed de novo." *Duncan v Michigan*, 300 Mich App 176, 194; 832 NW2d 761 (2013) (quotation marks and citation omitted).

When reviewing a motion under MCR 2.116(C)(7), this Court must accept all well-pleaded factual allegations as true and construe them in favor of the plaintiff, unless other evidence contradicts them. If any affidavits, depositions, admissions, or other documentary evidence are submitted, the court must consider them to determine whether there is a genuine issue of material fact. If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of those facts, the question whether the claim is barred is an issue of law for the court. However, if a question of fact exists to the extent that factual development could provide a basis for recovery, dismissal is inappropriate. [*Dextrom v Wexford County*, 287 Mich App 406, 428-429; 789 NW2d 211 (2010) (citations omitted).]

"A motion under MCR 2.116(C)(8) tests the legal sufficiency of a claim based on the factual allegations in the complaint." *Bailey*, ___ Mich App at ___; slip op at 5 (quotation marks and citation omitted). "[A] trial court must accept all factual allegations as true, deciding the motion on the pleadings alone. A motion for summary disposition under MCR 2.116(C)(8) may

---

[9] Plaintiff's statement of questions presented on appeal appears to include a challenge to this Court's jurisdiction over this delayed appeal. However, plaintiff does not explain or rationalize his argument. Parties "may not merely announce [their] position and leave it to this Court to discover and rationalize the basis for [their] claims, nor may [parties] give issues cursory treatment with little or no citation of supporting authority." *Houghton ex rel Johnson v Keller*, 256 Mich App 336, 339; 662 NW2d 854 (2003) (citations omitted). Because plaintiff has failed to address the merits of this issue in a detailed or comprehensible manner, this issue is abandoned and need not be considered. See *id.* Moreover, we fail to comprehend why plaintiff would challenge this Court's decision to grant his delayed application for leave to appeal.

only be granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery. *Id*. at ___; slip op at 5 (quotation marks and citation omitted).

This Court reviews "a trial court's decision regarding a party's motion to amend [his or her] pleadings for an abuse of discretion." *Wormsbacher v Phillip R Seaver Title Co, Inc*, 284 Mich App 1, 8; 772 NW2d 827 (2009) (citations omitted). "An abuse of discretion occurs when the decision results in an outcome falling outside the range of principled outcomes. A court by definition abuses its discretion when it makes an error of law." *In re Ingham Co Treasurer for Foreclosure*, 331 Mich App 74, 77-78; 951 NW2d 85 (2020) (quotation marks and citations omitted). When a trial court grants summary disposition under MCR 2.116(C)(8), the trial court generally must give the parties an opportunity to amend their pleadings. MCR 2.116(I)(5); *Yudashkin v Linzmeyer*, 247 Mich App 642, 651; 637 NW2d 257 (2001).

## III. SUMMARY DISPOSITION

Plaintiff argues that the trial court erred by granting defendants' motion for summary disposition under MCR 2.116(C)(7) and (8). For the reasons that follow, we conclude that plaintiff has abandoned any claim of error regarding summary disposition of his claims against Aramark under MCR 2.116(C)(7), as well as any claims of error regarding summary disposition of his claims against both defendants under MCR 2.116(C)(8). We agree, however, that the trial court erred by granting summary disposition regarding plaintiff's claims against GM under MCR 2.116(C)(7) and by failing to consider plaintiff's request to amend his complaint with respect to GM.

## A. RES JUDICATA

"The doctrine of res judicata is employed to prevent multiple suits litigating the same cause of action." *Adair v State*, 470 Mich 105, 121; 680 NW2d 386 (2004). "Res judicata bars a subsequent action between the same parties when the evidence or essential facts are identical." *Sewell v Clean Cut Mgmt, Inc*, 463 Mich 569, 575; 621 NW2d 222 (2001). The purposes of res judicata are to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and encourage reliance on adjudication[.]" *TBCI, PC v State Farm Mut Auto Ins Co*, 289 Mich App 39, 43; 795 NW2d 229 (2010), overruling on other grounds recognized by *C-Spine Orthopedics, PLLC v Progressive Mich Ins Co*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 359681) (quotation marks and citation omitted). Res judicata requires that:

> (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first. This Court has taken a broad approach to the doctrine of res judicata, holding that it bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not. [*Adair*, 470 Mich at 121 (citations omitted).]

Plaintiff presents no argument that summary disposition (on grounds of res judicata) was improperly granted with respect to Aramark. Moreover, parties "may not merely announce [their] position and leave it to this Court to discover and rationalize the basis for [their] claims, nor may

[parties] give issues cursory treatment with little or no citation of supporting authority." *Houghton ex rel Johnson*, 256 Mich App at 339 (citations omitted). Because plaintiff has failed to provide meaningful analysis and cite relevant authority, any argument regarding summary disposition of plaintiff's claims against Aramark (on grounds of res judicata) is abandoned and will not be considered. See *id*. See also *Schaaf v Forbes*, 338 Mich App 1, 21; 979 NW2d 358 (2021) (finding an issue was abandoned where the defendant failed "to meaningfully address the trial court's reasoned ruling"). See *Roberts & Son Contracting, Inc v North Oakland Dev Corp*, 163 Mich App 109, 113; 413 NW2d 744 (1987) (holding that "[s]ince counsel has failed to address an issue which necessarily must be reached, the relief [s]he seeks . . . may not be granted").

With respect to GM, plaintiff argues that the doctrine of res judicata does not apply to GM because plaintiff's earlier claims against GM were dismissed without prejudice. Plaintiff is correct that the federal district court dismissed his claims against GM without prejudice because plaintiff had failed to timely serve GM with the complaint. Proper service of process is tied to constitutional due process and is required before a trial court can properly exercise personal jurisdiction over a defendant. *Omni Capital Int'l Ltd v Rudolf Wolff & Co*, 484 US 97, 104; 108 S Ct 404; 98 L Ed 2d 415 (1987), superseded in part by statute as stated in *Mahar v United States Xpress Enterprises, Inc*, 688 F Supp 2d 95, 103 (ND NY, 2010). Because GM was not served, and because the prior federal court action against GM was dismissed without prejudice, plaintiff's claims against GM in that action were not decided on the merits. See *Yeo v State Farm Fire & Cas Ins Co*, 242 Mich 483, 484; 618 NW2d 916 (2000) ("A dismissal without prejudice is not an adjudication on the merits. . . .").[10] We agree with plaintiff that, on the facts presented at the time of summary disposition, the doctrine of res judicata did not apply to plaintiff's claims against GM, and the trial court therefore erred by granting summary disposition in favor of GM under MCR 2.116(C)(7).

## B. FAILURE TO STATE A CLAIM

However, the trial court also granted summary disposition under MCR 2.116(C)(8). Plaintiff does not argue in a meaningful manner this was erroneous. Rather, plaintiff focuses entirely on whether the trial court should have permitted him to amend the complaint under MCR 2.116(I)(5). Therefore, by failing to provide meaningful analysis and cite relevant authority, plaintiff has abandoned any argument that summary disposition was improper under MCR 2.116(C)(8). See *Houghton ex rel Johnson*, 256 Mich App at 339. See also *Schaaf*, 338 Mich App at 21; *Roberts & Son Contracting, Inc*, 163 Mich App at 113.[11]

---

[10] GM fails to explain how it may have been in privity with Aramark or another defendant who obtained a decision on the merits.

[11] Plaintiff also argues in a cursory manner that summary disposition was "premature" and that the trial court failed to rule on his motion for discovery "While it is true that a trial court is not permitted to grant summary disposition under MCR 2.116(C)(10) when the opposing party establishes that further discovery stands a fair chance of uncovering factual support for the opposing party's position," *Bailey*, ___ Mich App at ___; slip op at 11 (quotation marks and citation omitted), summary disposition in this case was not granted under MCR 2.116(C)(10), but rather under MCR 2.116(C)(7) and (8), which may be granted on the pleadings alone. Moreover,

## IV. AMENDMENT

Although summary disposition was proper under MCR 2.116(C)(8), the trial court should have permitted plaintiff to amend his claims against GM "unless the evidence then before the court show[ed] that amendment would not be justified." MCR 2.116(I)(5).[12] "[L]eave [to amend] should ordinarily be denied only for particularized reasons such as undue delay, bad faith or dilatory motive, repeated failures to cure by amendments previously allowed, or futility." *Bailey*, ___ Mich App at ___; slip op at 11 (alterations in original; quotation marks and citation omitted).

The trial court did not address whether plaintiff's requested amendment was justified. This Court is an error correcting Court, and is generally not the appropriate forum for arguments to be initially decided. See *Apex Laboratories Int'l, Inc v City of Detroit (On Remand)*, 331 Mich App 1, 10; 951 NW2d 45 (2020). We accordingly conclude that the trial court should make the determination regarding amendment in the first instance, with regard to plaintiff's claims against GM only. See *Gottesman v City of Harper Woods*, 508 Mich 942, 942; 964 NW2d 365 (2021); *ER Zeiler Excavating, Inc v Valenti Trobec Chandler, Inc*, 270 Mich App 639, 649; 717 NW2d 370 (2006).

## V. CONCLUSION

Affirmed, but remanded to the trial court so it can consider whether to permit amendment of plaintiff's complaint with respect to GM only. We do not retain jurisdiction. No party having

---

because plaintiff did not make any discovery requests after mediation failed or request that the trial court consider his earlier request, we conclude that plaintiff has waived this issue. See *Hodge v Parks*, 303 Mich App 552, 556; 844 NW2d 189 (2014) ("A party who waives a right is precluded from seeking appellate review based on a denial of that right because waiver eliminates any error."). Reviewing the issue would permit plaintiff to harbor error as an appellate parachute. See *In re Hudson*, 294 Mich App 261, 264; 817 NW2d 115 (2011) ("Respondent may not assign as error on appeal something that she deemed proper in the lower court because allowing her to do so would permit respondent to harbor error as an appellate parachute."). Plaintiff also cites MRE 803(6), which is the business record exception to the hearsay rule. Plaintiff does not explain how MRE 803(6) is relevant. However, it appears that plaintiff takes issue with the documentary evidence submitted by defendants to support their motion for summary disposition, namely, the information contained in plaintiff's personnel file. But there is no indication that the trial court relied on this documentary evidence when deciding the motion for summary disposition under MCR 2.116(C)(7), and the trial court could not consider documentary evidence when deciding the motion under MCR 2.116(C)(8). See *Bailey*, ___ Mich App at ___; slip op at 5. Therefore, we fail to see how plaintiff's arguments concerning MRE 803(6) affects the outcome on appeal.

[12] No such requirement exists with respect to MCR 2.116(C)(7). See MCR 2.116(I)(5). As already stated, plaintiff has abandoned any argument that the trial court improperly granted summary disposition in favor of Aramark under MCR 2.116(C)(7). Therefore, the trial court was not required to permit plaintiff to amend his complaint with respect to Aramark.

-7-

prevailed in full, no costs may be taxed.  MCR 7.219(A)(1).

/s/ Michael J. Riordan
/s/ Stephen L. Borrello
/s/ Mark T. Boonstra
