*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SHANITA BRADLEY, ERICA CHAPPELL, ANGELA HAMM, and BARBARA KEMP,

UNPUBLISHED
April 25, 2024

Plaintiffs-Appellants,

v

No. 365526
Wayne Circuit Court
LC No. 22-006362-CK

FOUNTAIN BLEU HEALTH AND REHABILITATION CENTER INC,

Defendant-Appellee.

Before: RIORDAN, P.J., and O'BRIEN and MALDONADO, JJ.

PER CURIAM.

Plaintiffs appeal by right the March 9, 2023 order of Wayne Circuit Judge Sheila Ann Gibson granting summary disposition in favor of defendant pursuant to MCR 2.116(C)(7) (prior judgment, agreement to arbitrate). We affirm.

## I. BACKGROUND

Plaintiffs in this case are African-American women over the age of 40, who formerly were employed by defendant, and they all were terminated from their employment in 2019. Plaintiffs first filed an employment discrimination lawsuit against Fountain Bleu on August 13, 2019, in the United States District Court for the Eastern District of Michigan (USDC), alleging race discrimination, harassment, age discrimination, retaliation, and hostile work environment in violation of the Elliot Larson Civil Rights (ELCRA) Act, MCL 37.2101 et seq., violation of Title VII of the Civil Rights Act of 1964, 42 USC 2000e et seq., and also wrongful discharge in violation of public policy.

Defendant moved the federal court to compel the parties to participate in binding arbitration, alleging that all of the claims within plaintiffs' complaint were governed by an Arbitration Agreement. Plaintiffs' USDC case was dismissed with prejudice on December 5,

2019, and a stipulated order to submit their claims to binding arbitration was entered. After plaintiffs unsuccessfully brought motions to set aside the stipulated dismissal order, they filed their Demand for Arbitration. After arbitration proceedings began, defendant filed a motion to dismiss arbitration because the demand was not timely filed. According to defendant, the demand for arbitration was filed in violation of the 6-month limitations imposed by the arbitration agreement as well as the Federal requirement that employment discrimination claims be filed within 90-days of receipt of a notice of the right to sue.[1] Ultimately, the arbitration demand was dismissed as untimely.

Plaintiffs, asserting that defendant intentionally ignored requests to select an arbitrator and waited until all contractual limitation periods had expired to file a motion to dismiss their claims, filed a renewed motion to vacate the arbitrator's dismissal of the case. This motion was denied, and after exhausting all possible remedies at the USDC, plaintiffs filed their complaint in the Wayne County Circuit Court, alleging that Fountain Bleu discriminated against them and retaliated against them in violation of the ELCRA. Plaintiffs also brought a claim under Michigan common law for wrongful discharge in violation of public policy. On March 9, 2023, the lower court granted defendant's motion for summary disposition, pursuant to MCR 2.116(C)(7), alleging plaintiffs' state law claims were disposed of in a prior U.S. District Court order and were therefore barred pursuant to res judicata, thereby necessitating this appeal.

## II. DISCUSSION

Plaintiffs argue that the circuit court erred by granting summary disposition in favor of defendant. We disagree.

This court reviews de novo a trial court's decision on a motion for summary disposition. *Hanley v Mazda Motor Corp*, 239 Mich App 596, 600; 609 NW2d 203 (2000). Summary disposition pursuant to MCR 2.116(C)(7) is appropriate when a claim is barred on the basis of a prior judgment or the statute of limitations. *Nuculovic v Hill*, 287 Mich App 58, 61; 783 NW2d 124 (2010). When considering a motion made pursuant to MCR 2.116(C)(7), this Court must accept all well-pleaded factual allegations as true and construe them in favor of the nonmoving party, unless other evidence contradicts them. *Dextrom v Wexford Co*, 287 Mich App 406, 428; 789 NW2d 211 (2010).

We review de novo as a question of law the applicability of the doctrine of res judicata. *Washington v Sinai Hosp of Greater Detroit*, 478 Mich. 412, 417; 733 NW2d 755 (2007). The enforceability of an arbitration agreement is reviewed de novo. We likewise review de novo a trial court's determination that a claim is barred by an agreement to arbitrate. *Lebenbom v UBS Fin Servs*, 326 Mich App 200, 208; 926 NW2d 865 (2018).

## A. RES JUDICATA

Plaintiffs argued that the trial court erred by applying the doctrine of res judicata. We disagree. "Res judicata bars a subsequent action between the same parties when the evidence or

---

[1] 29 CFR 1601.28(e)(1).

essential facts are identical." *Sewell v Clean Cut Mgt, Inc*, 463 Mich 569, 575; 621 NW2d 222 (2001) (quotation marks and citation omitted). The doctrine applies if "(1) the first action was decided on the merits, (2) the matter contested in the second action was or could have been resolved in the first, and (3) both actions involve the same parties or their privies." *Id*. (quotation marks and citation omitted). "[T]he burden of proving the applicability of the doctrine of res judicata is on the party asserting it." *Baraga Co v State Tax Comm*, 466 Mich 264, 269; 645 NW2d 13 (2002). In Michigan, res judicata applies broadly, and it bars "not only claims already litigated, but every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Dart v Dart*, 460 Mich 573, 586; 597 NW2d 82 (1999).

Prior to the arbitrator's order dismissing plaintiffs' claims as time-barred, the federal district court entered a stipulated order dismissing the lawsuit with prejudice and submitting the case to binding arbitration. This order was "based on Plaintiffs' execution of" the now-disputed arbitration agreement. This stipulated dismissal operated as an adjudication on the merits because it was equivalent to a state case being dismissed pursuant to MCR 2.116(C)(7). MCR 2.504(B)(3) provides: "Unless the court otherwise specifies in its order for dismissal, a dismissal under this subrule or a dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for failure to join a party under MCR 2.205, operates as an adjudication on the merits." In *Al-Shimmari v Detroit Med Ctr*, 477 Mich 280, 295; 731 NW2d 29 (2007), our Supreme Court confirmed that MCR 2.504(B)(3) applies to cases dismissed pursuant to MCR 2.116(C)(7). Therefore, it follows that a federal case dismissed due to an arbitration agreement constitutes a dismissal on the merits, which satisfies first element of res judicata.

Second, the ELCRA state claims could have been brought in the federal case because the federal court could have exercised supplemental jurisdiction under 28 USC 1367.[2] Because the state court claims pursuant to the ELCRA and the common law could have been heard by the federal court through the supplemental jurisdiction, res judicata is applicable as a defense in the state court action. *Pierson Sand & Gravel, Inc v Keeler Brass Co*, 460 Mich 372, 382-383; 596 NW2d 153 (1999). Additionally, had plaintiffs included state law claims and had the federal court declined to exercise jurisdiction over the ELCRA claims, dismissing it without prejudice, then they "would not be barred by res judicata from bringing their state claims in state court." *Pierson Sand & Gravel*, 460 Mich. at 382. Because the state claims could have been resolved in the federal litigation, the second requirement of res judicata is satisfied.

Lastly, in this case, it is undisputed that the state court action and the federal court action involved the same parties. Therefore, the trial court did not err by granting summary disposition for defendant on basis of res judicata because the federal district court entered a final decision on

---

[2] 28 USC 1367 provides:

Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which *the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.* Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties. [Emphasis added.]

the merits of each of plaintiffs' pled claims; plaintiffs could have brought the state claims through supplemental jurisdiction; the second action involved the same parties as the first action.

## B.  PUBLIC POLICY

Plaintiffs asks this Court to conclude that arbitration agreements that provide limitations period shorter than the applicable statutory limitations periods are unenforceable because they are contrary to public policy.  According to plaintiffs, allowing employers to shorten limitations periods "allows an employer to ensure that no employee will ever feasibly be able to submit claims against their employer."  Plaintiffs also assert that their demand for arbitration would not have been untimely pursuant to the contractual terms, as public policy considerations prevent the shortening of a time period for the types of claims at issue in this case.  This Court has held that "[a]n unambiguous contractual provision providing for a shortened limitations period is to be enforced as written unless the provision violates the law or public policy or is otherwise unenforceable under traditional contract defenses, including duress, waiver, estoppel, fraud, or unconscionability." *Liparoto Constr, In v Gen Shale Brick, Inc*, 284 Mich App 25, 30; 772 NW2d 801 (2009).  Plaintiffs have not cited any authority suggesting that the public policy exception applies to employment arbitration agreements with shorter limitations periods than the relevant statutes of limitations.  Therefore, they are not entitled to appellate relief.

Affirmed.

/s/ Michael J. Riordan
/s/ Colleen A. O'Brien
/s/ Allie Greenleaf Maldonado