*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SILVER VALLEY DEVELOPMENT,

        Plaintiff-Appellant,

v

CRYSTAL SHAVER, Personal Representative of the
ESTATE OF PHILLIP BISSEL SHAVER, SHAWN
BOROWICZ, and TAMARA BOROWICZ,

        Defendants-Appellees.

UNPUBLISHED
June 27, 2024

No. 365649
Mackinac Circuit Court
LC No. 22-008716-CH

Before: CAMERON, P.J., and N. P. HOOD and YOUNG, JJ.

PER CURIAM.

Plaintiff, Silver Valley Development (Silver Valley), appeals by right the circuit court's order denying its motion for summary disposition, granting defendants' motions for summary disposition, and quieting title to real property in favor of Shawn and Tamara Borowicz. Because the circuit court correctly held that the doctrine of res judicata did not apply, and Silver Valley did not have a right of redemption because it was no longer the land contract vendee, we affirm.

## I. BACKGROUND

Silver Valley is a single-member Michigan limited liability company. In 2014, the Estate of Phillip Bissel Shaver (the Estate), through its personal representative, Crystal Shaver, entered into a land contract with Silver Valley. The Estate agreed to sell Silver Valley 17 acres of land in Moran Township (the Property) for $325,000. Silver Valley made a $65,000 down payment and agreed to pay the remainder in monthly installments of at least $1,000, with interest accruing at the rate of 5% annually. Silver Valley and the Estate executed a memorandum of land contract, which was recorded with the county register of deeds.

Silver Valley failed to remain current on its payments under the land contract. In 2018, Silver Valley, the Estate, and the Quay Jorgenson Trust (the Trust) entered into a novation agreement whereby the Trust replaced Silver Valley as the land contract vendee. The agreement conveyed all of Silver Valley's rights, obligations, and liabilities under the land contract—except those related to Silver Valley's previous payments—to the Trust. The agreement further released

-1-

Silver Valley from any and all claims, demands, or liabilities under the land contract. The novation agreement was not recorded with the county register of deeds.

The Trust failed to make payments under the land contract and novation agreement. Consequently, in 2021, the Estate filed a district court complaint seeking possession of the Property. The Estate named the Trust and Silver Valley as codefendants, even though under the novation agreement, only the Trust was the vendee. During the proceedings, Silver Valley offered to pay $236,000 in arrears in order to purchase the Property, and the Estate appeared amenable to the offer. The Estate allegedly paid $12,334.28 in property taxes and added the sum to the alleged arrears in an amended complaint for a total of $248,334.28.

The Trust did not respond to the Estate's district court complaint. In March 2022, the district court entered a default a judgment of possession in favor of the Estate in relation to the Trust, only. The judgment did not address conditions that the Trust could satisfy to avoid eviction.

In April 2022, the district court held what was scheduled to be a bench trial regarding the Estate's complaint for possession of the Property. During the hearing, the Estate's attorney stated that the Estate had been waiting for Silver Valley to gather the funds to purchase the Property and had lost interested buyers while doing so. She also stated that Silver Valley had no interest in the Property, and the Estate planned to sell the Property to another buyer. She expressed her intent to offer the novation agreement as an exhibit but it was never identified or admitted. Silver Valley's sole member, Stephen Ball, responded that Silver Valley still wished to purchase the Property and was finalizing financing arrangements to do so. The district court initially stated that it would proceed with a bench trial but did not resume the proceedings after going off the record. The official proceedings lasted 12 minutes in total. That same day, the district court entered a consent judgment of possession in favor of the Estate in relation to Silver Valley, only. The judgment provided that the Estate had the right to possess the Property, and an order of eviction could be issued relative to Silver Valley if, after 90 days, it failed to pay the total amount due—$248,324.28.

In May 2022, the Estate and the Trust executed a written agreement terminating the land contract. The agreement was recorded with the county register of deeds. Later that same month, the Estate voluntarily dismissed its district court complaint against the Trust and Silver Valley.

In June 2022, the Estate purportedly sold the Property to the Borowiczes for $275,000. Shaver, on behalf of the Estate, executed a warranty deed in favor of the Borowiczes. The warranty deed was recorded with the county register of deeds.

In July 2022, Silver Valley informed the Estate that it wished to pay the total amount due under the land contract and close on the Property. The Estate rejected Silver Valley's proposal. That same day, Silver Valley filed a circuit court complaint seeking a declaration of its right to redeem its interest in the Property and entry of an order quieting title to the Property in its favor. Silver Valley named the Estate and the Borowiczes as codefendants. Silver Valley also recorded a notice of lis pendens with the county register of deeds. In October 2022, Silver Valley filed an amended complaint seeking damages as alternative relief if the circuit court found the Borowiczes to be bona fide purchasers.

The parties filed competing motions for summary disposition. The Borowiczes, moving under MCR 2.116(C)(8) and (10), sought an order quieting title to the Property in their favor. The Estate, moving under MCR 2.116(C)(8) and (10), sought an order dismissing Silver Valley's complaint and quieting title to the Property in favor of the Borowiczes. Silver Valley, moving under MCR 2.116(C)(10), sought an order quieting title to the Property in its favor or, alternatively, for damages from the Estate. After a hearing, the circuit court entered an order granting summary disposition in favor of the Borowiczes and the Estate, denying Silver Valley's motion for summary disposition, quieting title to the Property in the Borowiczes' favor, and dismissing Silver Valley's damages claim. It reasoned that the Trust replaced Silver Valley as the land contract vendee, and the consent judgment did not revive Silver Valley's interest in the Property. It further reasoned that the doctrine of res judicata did not apply to summary proceedings like those in the district court, and even if the consent judgment had revived Silver Valley's interest in the Property, that interest would have been extinguished by the dismissal of the district court case. The circuit court went on to deny Silver Valley's motion for reconsideration. This appeal followed.

## II. STANDARDS OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition. *El-Khalil v Oakwood Healthcare Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). We similarly review de novo the application of a legal doctrine such as res judicata. *C-Spine Orthopedics, PLLC v Progressive Mich Ins Co*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 359681); slip op at 2.[1] Additionally, we review de novo the outcome of equitable actions, including actions to quiet title. *Burkhardt v Bailey*, 260 Mich App 636, 646-647; 680 NW2d 453 (2004) (citations omitted).

"A motion under MCR 2.116(C)(8) tests the *legal sufficiency* of a claim based on the factual allegations in the complaint." *El-Khalil*, 504 Mich at 159, citing *Feyz v Mercy Mem Hosp*, 475 Mich 663, 672; 719 NW2d 1 (2006). "When considering such a motion, a trial court must accept all factual allegations as true, deciding the motion on the pleadings alone." *El-Khalil*, 504 Mich at 160, citing *Bailey v Schaaf*, 494 Mich 595, 603; 835 NW2d 413 (2013). "A motion under MCR 2.116(C)(8) may only be granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery." *El-Khalil*, 504 Mich at 160, citing *Adair v Michigan*, 470 Mich 105, 119; 680 NW2d 386 (2004).

"A motion under MCR 2.116(C)(10), on the other hand, tests the *factual sufficiency* of a claim." *El-Khalil*, 504 Mich at 160, citing *Johnson v Vanderkooi*, 502 Mich 751, 761; 918 NW2d 785 (2018). "When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *El-Khalil*, 504 Mich at 160, citing *Johnson*, 502 Mich at 761. "A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact." *El-Khalil*, 504 Mich at 160, citing *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 5; 890 NW2d 344 (2016). "A genuine issue of material fact

---

[1] A motion for summary disposition on the basis of res judicata properly falls under MCR 2.116(C)(7). See *RDM Holdings, LTD v Continental Plastics Co*, 281 Mich App 678, 687; 762 NW2d 529 (2008). Silver Valley did not move for summary disposition under MCR 2.116(C)(7). Even if Silver Valley had done so, as later explained in greater detail, res judicata does not apply.

exists when the record leaves open an issue upon which reasonable minds might differ." *El-Khalil*, 504 Mich at 160, quoting *Johnson*, 502 Mich at 761.

## III. RES JUDICATA

Silver Valley argues that the circuit court erred by declining to apply res judicata in connection with the district court proceedings. We disagree.

Courts use the doctrine of res judicata to prevent multiple suits litigating the same cause of action. *Washington v Sinai Hosp of Greater Detroit*, 478 Mich 412, 418; 733 NW2d 755 (2007). It bars a subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the claims in the second action were, or could have been, resolved in the first action. *Adair*, 470 Mich at 121. "Michigan courts have broadly applied the doctrine of res judicata. They have barred, not only claims already litigated, but every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Dart v Dart*, 460 Mich 573, 586; 597 NW2d 82 (1999) (citations omitted). More specifically:

> In Michigan, the doctrine of res judicata applies, except in special cases, in a subsequent action between the same parties and not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time. [*Pierson Sand & Gravel, Inc v Keeler Brass Co*, 460 Mich 372, 380; 596 NW2d 153 (1999) (quotation marks and citation omitted).]

"If the same facts or evidence would sustain both, the two actions are the same for the purpose of res judicata." *Peterson Novelties, Inc v Berkley*, 259 Mich App 1, 11; 672 NW2d 351 (2003).

Special rules apply when examining the preclusive effect of summary proceedings to recover possession of a premises. See MCL 600.5750. See also MCL 600.5701(a) (defining "summary proceedings" in the context of civil actions to recover possession of premises). MCL 600.5750 provides that remedies in summary proceedings are "in addition to, and not exclusive of, other remedies, either legal, equitable or statutory." The statute further provides that a judgment for possession of a premises in a summary proceeding "does not merge or bar any other claim for relief . . . ." *Id*. In other words, MCL 600.5750 represents a statutory exception to the doctrine of res judicata such that claims that could have been litigated in summary proceedings are not barred in a subsequent action. See *Sewell v Clean Cut Mgt, Inc*, 463 Mich 569, 576; 621 NW2d 222 (2001); *JAM Corp v AARO Disposal, Inc*, 461 Mich 161, 167-170; 600 NW2d 617 (1999). Res judicata still applies, however, to bar claims that were actually litigated in summary proceedings from being raised in a later case. *Sewell*, 463 Mich at 577.

Silver Valley argues that, under the doctrine of res judicata, the district court consent judgment should have precluded the circuit court from determining the parties' rights on the basis of the novation agreement. We disagree.

Silver Valley does not dispute that the district court proceedings were summary proceedings that implicated MCL 600.5750. Instead, it relies on *Johnston v Sterling Mortgage &*

*Investment Co*, 315 Mich App 724, 756-757; 894 NW2d 121 (2016), in support of the premise that summary proceedings may still give rise to the application of res judicata. Because res judicata only applies to bar claims that were actually litigated in summary proceedings, *Sewell*, 463 Mich at 577, Silver Valley must establish that the operation of the novation agreement was actually litigated in the district court proceedings. It was not.

The record reflects that the operation of the novation agreement was not actually litigated in the district court proceedings. The district court never held that the novation agreement was invalid or inapplicable, and no aspect of the consent judgment was conditioned on a finding that the novation agreement was invalid or inapplicable. Nor did the consent judgment provide that Silver Valley had any existing ownership right in relation to the Property. Moreover, during the hearing immediately preceding the entry of the consent judgment, the district court did not reach a conclusion regarding the operation of the novation agreement. In fact, the Estate argued that the novation agreement was valid and applicable without being contradicted. Furthermore, although the novation agreement was prepared as an exhibit for the scheduled bench trial, the bench trial never took place. For these reasons, the circuit court did not err by declining to apply res judicata in connection with the district court proceedings.

## IV. CONSENT JUDGMENT

Silver Valley argues that the consent judgment granted it a redemption right relative to the Property. We disagree.

As a general rule, a vendee's right to redeem under a land contract "is a legal right and can neither be enlarged nor abridged by the courts." *Gordon Grossman Bldg Co v Elliott*, 382 Mich 596, 603; 382 NW2d 441 (1969) (citations omitted). "A redemption is complete when one having the right to redeem pays in proper time, to a proper person . . . ." *Id*., quoting *Wood v Button*, 205 Mich 692, 703; 172 NW 422 (1919) (emphasis omitted). Stated differently:

> A judgment for possession is, under the statute, subject to the redemption rights of the vendee or tenant. No agreement between the parties can deprive a vendee or tenant of his right to cure the default. The parties are beyond the contract. The vendee or tenant now exercises a statutory right, a right which can be diminished neither by the express nor the implied terms of the contract. [*Birznieks v Cooper*, 405 Mich 319, 329-330; 275 NW2d 221 (1979).]

Here, the consent judgment did not establish Silver Valley's right to redemption. At the time of its entry, Silver Valley had already given up its redemption right, along with its other property rights, pursuant to the novation agreement. The right to benefit from redemption is held only by the "one having the right to redeem." *Wood*, 205 Mich at 703. The one with that right is a "vendee or tenant." *Birznieks*, 405 Mich at 329. Per the novation agreement, the Trust was the vendee, not Silver Valley. Therefore, the statutory right to redemption under MCL 600.5744(7) belonged to the Trust, not Silver Valley.

Between October 2021 and April 2022, the Estate had effectively been allowing Silver Valley an opportunity to redeem, passing on other potential buyers as it waited for Silver Valley to gather the required funds. But this was not a redemption period to which Silver Valley had a

legal right, it was simply a discretionary exercise of forbearance on the Estate's part. The Estate was always at liberty to move forward with a different buyer, subject to only the Trust's redemption rights, which were terminated pursuant to the May 2022 agreement terminating the land contract.

The consent judgment thus included a section setting forth a redemption period that had no actual relevance to the parties. Silver Valley was apparently named as a party in the district court case because it was the former land contract vendee. Contrary to the language of the consent judgment, there was no period in which Silver Valley could avoid "[a]n order of eviction" under the land contract. The consent judgment did not grant Silver Valley the redemption right it now attempts to assert. And because the consent judgment did not grant Silver Valley a redemption right, we need not address whether the Estate's voluntary dismissal of the district court complaint extinguished Silver Valley's redemption right under the consent judgment.

## V. CONCLUSION

For these reasons, we conclude that the circuit court did not err by granting summary disposition in favor of defendants, denying summary disposition in favor of Silver Valley, and quieting title to the Property in favor of the Borowiczes.

We affirm.

/s/ Thomas C. Cameron
/s/ Noah P. Hood
/s/ Adrienne N. Young